1  Daniel D. Maynard, No. 009211
2  Jennifer A. Sparks, No. 017502
   **MAYNARD CRONIN ERICKSON**
3  **CURRAN & SPARKS, P.L.C.**
   3200 N. Central Avenue, Suite 1800
4  Phoenix, AZ 85012-2502
   Telephone: (602) 279-8500

5  Attorneys for Plaintiff Ultimate
6  Creations, Inc.

7  Steven A. Marenberg (Pro Hac Vice)
   Katharine J. Galston (Pro Hac Vice)
8  **IRELL & MANELLA LLP**
   1800 Avenue of the Stars, Suite 900
9  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
10 Facsimile:  (310) 203-7199

11 Patricia Lee Refo (Arizona Bar No. 017032)
   Andrew F. Halaby (Arizona Bar No. 017251)
12 **SNELL & WILMER LLP**
   One Arizona Center
13 Phoenix, Arizona 85004-2202
   Telephone:  (602) 382-6000
14 Facsimile:  (602) 382-6070

15 Attorneys for Defendant THQ Inc.

16              IN THE UNITED STATES DISTRICT COURT

17                 FOR THE DISTRICT OF ARIZONA

18

19 Ultimate Creations, Inc., an Arizona      )    Case No. CV 2005-1134-PHX-SMM
   corporation,                              )
20                                           )    **JOINT PROPOSED CASE**
                      Plaintiff,             )    **MANAGEMENT PLAN**
21                                           )
            v.                               )
22                                           )
   THQ Inc., a corporation,                  )
23                                           )
                      Defendant.             )
24 _____  )

25       Plaintiff Ultimate Creations, Inc. ("Ultimate") and Defendant THQ Inc.

26 ("THQ") submit this Joint Proposed Case Management Plan.  On December 5,

27 2005, pursuant to the Court's Order of October 21, 2005, counsel conducted a case

28 management conference, in accordance with Rule 26(f) of the Federal Rules of

   Civil Procedure, regarding the matters specified in the Court's Order.

1    By signing this plan, counsel and the parties are not endorsing or adopting

2    the positions and statements directly attributed to the other party.

3    **1.    The nature of the case: the factual and legal basis of Plaintiff's claims**

4    **and Defendant's defenses.**

5    **Ultimate's Statement of Claims:**

6    Ultimate is the owner of intellectual property, including but not limited to

7    trademarks and service marks associated with the Ultimate Warrior, a professional

8    wrestling character. These marks are for goods and entertainment services and

9    include a design mark/logo which is associated with the Ultimate Warrior and is

10   part of his face paint and costumes. The Ultimate Warrior is a well known

11   character, and his trade dress and sequential signature moves are well known.

12   Sometime, prior to July 2003, Warrior, the President of Ultimate, was

13   contacted by a representative for THQ regarding licensing Ultimate's intellectual

14   property to be used in the development of and execution of THQ's video games

15   and to be able to incorporate the moves and trade dress used by the Ultimate

16   Warrior in the video games. Warrior and THQ were unable to agree on the terms

17   of the non-exclusive licensing agreement to use the likeness, moves, entrance

18   music, trademarks and trade dress associated with the Ultimate Warrior and

19   negotiations between the parties terminated.

20   THQ, without authorization from Warrior or Ultimate, and without any

21   compensation to Ultimate or Warrior, subsequently used the likeness, signature

22   moves, trade dress and marks associated with the Ultimate Warrior, including the

23   intellectual property owned by Ultimate in various variations of its wrestling

24   games, including, but not limited to Smack Down: Here Comes the Pain and

25   Smack Down vs. Raw. One aspect of these video games is the ability to create the

26   Ultimate Warrior character including the costume, logo, face paint, and the

27   sequential signature moves used by the Ultimate Warrior. The name "The

28

1  Warrior" can also be programmed in and there is the use of "UW" in the move-set
2  portion of the game.

3      THQ has willfully and deliberately used the marks associated with Ultimate
4  Warrior without authorization and in violation of Ultimate's ownership rights,
5  exploiting the goodwill associated with Ultimate.  The use of these marks and
6  other items associated with the Ultimate Warrior will cause confusion, mistake and
7  deception to purchasers as to their source and origin.

8      **THQ's Statement of Defenses:**

9      THQ denies all of the material allegations of Ultimate's complaint.
10 Specifically, THQ denies that its activities infringe any of Ultimate's purported
11 trademark rights in any way and denies that its activities have harmed Ultimate in
12 any way.

13     Specifically, THQ has not used the name, likeness, trade dress or marks
14 associated with Ultimate in its wrestling-related video games, or in advertising or
15 marketing materials for these games.  Moreover, it has certainly not used
16 Ultimate's marks in any trademark sense.

17     THQ's wrestling-related video games contain pre-programmed characters
18 associated with World Wrestling Entertainment ("WWE") pursuant to a license
19 from WWE.  Warrior is not one of these characters.  In addition, certain of THQ's
20 wrestling-related video games contain an additional feature (and the programming
21 and generic tools to implement this feature) that allows a user to create his or her
22 own character in the game play.  By using these tools, and investing considerable
23 time and effort, players can create virtually any character in the game play that
24 they choose.  Some users may choose to create a character that they may believe
25 resembles Warrior; some may choose to create characters that resemble other well
26 known personages.  For example, a user, if he or she chooses, could use these same
27 tools to create a character resembling a well-known football player (such as Payton
28 Manning), golfer (such as Tiger Woods), etc.  The use of these features by users, of

1  course, does not constitute trademark infringement or any other violation of the

2  Lanham Act, by THQ or anyone else.  Nor does it require a license from Ultimate

3  under the Lanham Act.

4  **2.**    **A list of the elements of proof necessary for each count of the complaint**

5        **and each affirmative defense.**

6        <u>**Ultimate's Statement of Claims:**</u>

7        <u>**Count One - Infringement of a Federally Registered Trademark.**</u>

8        • THQ's unauthorized use of trademarks and intellectual property owned

9          by Ultimate;

10      • THQ's willful and deliberate violation of Ultimate marks and intellectual

11         property with intent to trade upon the goodwill and reputation of

12         Ultimate and the Ultimate Warrior;

13      • Unfair competition;

14      • Unfair and deceptive trade practices;

15      • False designation of origin.

16      <u>**Count Two - False Designation of Origin under Section 43(A) of the**</u>
17      <u>**Lanham Act.**</u>

18      • Willful and deliberate intent to deceive customers and prospective

19         customers;

20      • Use by THQ prevents Ultimate's control over the nature and quality of its

21         character, marks and intellectual property;

22      • Unfair competition;

23      • Unfair and deceptive trade practices;

24      • False designation of origin.

25      <u>**Count Three - Infringement of Common Law Trademark**</u>

26      • Marks and intellectual property have been associated with the Ultimate

27         Warrior character for a long period of time;

28

- The similar marks and other items being used by THQ will deceive persons that they are associated with the Ultimate Warrior and approved by Ultimate;
- Unfair competition;
- Deceptive advertising; and
- Unfair trade practices in violation of Arizona Common Law of Unfair Competition

**THQ's Statement of Affirmative Defenses:**

Ultimate did not serve THQ with a Complaint that contains a Count Three or any allegation of infringement of a common law trademark. Ultimate's Complaint, as filed with the Court, does not contain a Count Three or any allegation of infringement of a common law trademark. THQ reserves all rights regarding this claim.

**Estoppel/Laches**. Ultimate is barred from bringing suit under the doctrine of laches if THQ "suffered prejudice as a result of [Ultimate's] unreasonable delay in filing suit." Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002).

**Unclean Hands**. Ultimate is barred from seeking equitable relief under the unclean hands doctrine if Ultimate is "tainted with inequitableness or bad faith relative to the matter in which [it] seeks relief." Jarrow, 304 F.3d at 841 (internal quotations omitted).

**Abandonment**. Ultimate's mark is deemed to have been abandoned if Ultimate has discontinued use of the mark with the intent not to resume use or has engaged in a course of conduct that "causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark." 15 U.S.C. § 1127. Evidence of non-use of the mark for three consecutive years is prima facie evidence of abandonment. Id. If THQ makes such a prima facie showing, then Ultimate bears the burden of

1 | demonstrating that the circumstances of non-use do not justify the inference of

2 | intent not to resume use of the mark.  See <u>Abdul-Jabbar v. General Motors Corp.</u>,

3 | 85 F.3d 407, 411 (9th Cir. 1996).

4 |   **First Amendment**.  THQ's purported use of the marks does not constitute

5 | infringement if such use is protected by the First and Fourteenth Amendments of

6 | the United States Constitution.  U.S. Const. amends. I, XIV.

7 |   THQ reserves the right to allege any other affirmative defenses as they

8 | become known.

9 | **3.**  **The factual and legal issues genuinely in dispute and whether they can**

10 |    **be narrowed by stipulation or motions.**

11 |   • Whether THQ has infringed Ultimate's trademarks, service marks and

12 |    intellectual property by using similar marks, trade dress and sequential

13 |    signature move sets of the Ultimate Warrior in its video games;

14 |   • Whether Ultimate has sustained any damages as a result of THQ's video

15 |    games, or future use of any items associated with the Ultimate Warrior;

16 |   • Whether Ultimate owns the intellectual property at issue;

17 |   • Whether the intellectual property at issue constitutes valid, protectable

18 |    trademarks;

19 |   • Whether Ultimate has abandoned its rights, if any, in the intellectual

20 |    property at issue;

21 |   • Whether Ultimate has unreasonably delayed in filing suit; and

22 |   • Whether Ultimate's conduct constitutes unclean hands.

23 |   THQ believes that all of these issues may be decided by a dispositive motion

24 | after the necessary discovery has taken place.

25 | **4.**  **The jurisdictional basis of the case, citing specific statutes.**

26 |   Plaintiff's Statement of Jurisdictional Basis: 28 U.S.C. § 1331; 28 U.S.C. §

27 | 1338(a) and (b); 28 U.S.C. §1367; and 28 U.S.C. § 1391.

28 |

1   Defendant's Statement of Jurisdictional Basis: 28 U.S.C. § 1331; 28 U.S.C.

2   § 1338(a); 28 U.S.C. § 1391.

3   **5.     The parties, if any, that have not been served.**

4   None.

5   **6.     The names of parties not subject to the Court's jurisdiction.**

6   None.

7   **7.     Whether there are further dispositive or partially dispositive issues to**

8   **be decided by pre-trial motions, and the legal issues about which any**

9   **pretrial motions are contemplated.**

10   **Ultimate's Statement:**  In all likelihood, there will be a motion for summary

11   judgment on the marks owned by Ultimate.

12   **THQ's Statement:**  THQ anticipates filing a motion for summary judgment

13   on Ultimate's claims of infringement of a federally registered trademark and false

14   designation of origin.  THQ believes that each of the issues identified in Section 3

15   may be resolved in its favor on summary judgment.

16   **8.     Whether the case is suitable for reference to arbitration, to a special**

17   **master, or to a United States Magistrate Judge for trial.**

18   No.

19   **9.     The status of related cases pending before other judges of this court or**

20   **before other courts.**

21   None.

22   **10.    A statement of when Initial Disclosures will be made, and any suggested**

23   **changes in the requirements for disclosures set forth in Rule 26(a),**

24   **Federal Rules of Civil Procedure.**

25   The parties agree that the disclosures should proceed as follows:

26   **Initial Disclosures.**  Initial Disclosures, as described in Rule 26(a)(1), shall

27   be due on or before January 6, 2006.

28

1     **Expert Disclosures**.  Expert Disclosures, as described in Rule 26(a)(2), shall

2  be made by Ultimate and THQ by August 4, 2006, and rebuttal expert reports if

3  necessary on or before September 1, 2006.

4  **11.    Proposed deadlines for:**

5     **Discovery**.  The parties agree that fact discovery shall be completed by

6  September 29, 2006, and that expert discovery shall be completed by October 27,

7  2006.

8     **Filing Dispositive Motions**.  The parties agree that dispositive motions will

9  be filed by December 15, 2006, barring unforeseen problems or delays in

10  discovery.

11     **Expert Testimony**.  See Section 10, above, concerning expert disclosures.

12  **12.    The scope of discovery and whether discovery should be conducted in**

13  **phases or should be limited to or focused upon particular issues.**

14     **Ultimate's Statement:**  Ultimate believes that discovery will be conducted

15  upon THQ's use of Ulitmate's marks, whether the use was done willfully and upon

16  the profits and benefits that THQ has garnered from the unlawful use of Ultimate's

17  intellectual property and not marks.  Ultimate does believe that discovery needs to

18  be done in phases.

19     **THQ's Statement**:  At this time, THQ believes discovery on the following

20  subjects will be needed: (1) Ultimate's purported ownership of marks associated

21  with the Ultimate Warrior; (2) the purported assignment of the registered

22  trademarks, and any other marks, from Titan Sports, Inc. to Ultimate; (3)

23  Ultimate's business activities using the marks associated with the Ultimate

24  Warrior; (4) Ultimate's past patterns of enforcement or non-enforcement of its

25  purported ownership rights in the marks associated with the Ultimate Warrior; and

26  (5) information supporting the allegations made in the complaint.  THQ does not

27  see any need to conduct discovery in phases.

28

13. **Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure.**

None.

14. **Estimated date and length of trial.**

The parties expect that the case will be ready for trial by March 16, 2007. Preliminary estimate: 5 trial days.

15. **Whether a jury trial has been requested.**

Both parties have demanded a jury.

16. **The prospects for settlement. Does any party wish to have a settlement conference with another District Judge or Magistrate Judge? How can settlement efforts be assisted?**

**Ultimate's Statement**: The parties would like a settlement conference after they have exchanged the Initial Disclosures described in paragraph 10.

**THQ's Statement**: Given the likelihood that this case will be disposed on dispositive motions, THQ believes that it is premature to set a settlement conference at this time.

17. **Any other matters which counsel believes will aid the Court in expediting the disposition of this matter efficiently.**

Not at this time.

Dated: December 13, 2005                MAYNARD CRONIN ERICKSON
                                        CURRAN & SPARKS, PLC


                                        By: s/Daniel D. Maynard
                                            Daniel D. Maynard
                                            Attorneys for Plaintiff Ultimate
                                            Creations, Inc.

1   Dated: December 13, 2005       IRELL & MANELLA LLP

2                                   SNELL & WILMER LLP

3

4                                   By: s/Steven A. Marenberg

5                                     Steven A. Marenberg
                                     Attorneys for Defendant THQ Inc.

6   **COPY** of the foregoing electronically filed

7   and mailed this 13th day of December, 2005; to:

8   The Hon. Stephen M. McNamee
    U.S. District Court

9   401 W. Washington

10  Phoenix, AZ 85003

11

12  By s/Stacey Tanner

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28