**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ultimate Creations, Inc., | ) | No. CIV 05-1134-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| THQ, Inc., | ) | |
| Defendant. | ) | |

Pending before the Court is the parties' stipulated Motion for Entry of Confidentiality Order; the Confidentiality Order is attached as Exhibit 1. (Dkt. 29.) For good cause shown,

**IT IS HEREBY ORDERED GRANTING** the parties' stipulated Motion for Entry of Confidentiality Order. (Dkt. 29.)

**IT IS FURTHER ORDERED** that the Confidentiality Order attached hereto is entered as the Confidentiality Order effective in the present case.

DATED this 7th day of November, 2006.

Stephen M. McNamee
United States District Judge

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ultimate Creations, Inc. an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>THQ Inc., a corporation,<br><br>Defendant. | Case No. 2005-1134-PHX-SMM<br><br>**CONFIDENTIALITY ORDER** |

UPON STIPULATION of counsel for the parties to the above-entitled and numbered cause of action,

IT IS HEREBY ORDERED, pursuant to Rule 16 and 26(c), Federal Rules of Civil Procedure, as follows:

1. That all Confidential Information produced or exchanged in the course of this action shall be used solely for the purpose of preparation and trial of this action and for no other purpose whatsoever, and shall not be disclosed or made available to any other person except in accordance with the terms hereof.

2. That "Confidential Information," as used herein, means information of any type, kind, or character which is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential," a party will make such

designation only as to that information that it in good faith believes contains nonpublic, confidential business, financial, or proprietary information. Nothing shall be regarded as Confidential Information if, as evidenced by a written document, it is information that (i) is in the public domain at the time of disclosure; (ii) becomes part of the public domain through no fault of the other party; (iii) was in the receiving party's rightful and lawful possession at the time of disclosure; or (iv) is lawfully received by the receiving party at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

3. That documents produced in this action may be designated by any party or parties as containing Confidential Information by marking such documents with the word "Confidential" in a prominent manner on the face of the documents at the time of their production.

4. Documents previously produced may be retroactively designated as "Confidential" by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

5. That deposition transcripts, or portions thereof, may be designated as subject to this Confidentiality Order either (i) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential" by the reporter, as the designating party may direct; or (ii) within thirty (30) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record for the parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or

under their control as directed by the designating party. All deposition transcripts shall be treated as "Confidential" until the expiration of this thirty-day period unless a different period of time has been agreed to between the parties.

6. That the party receiving Confidential Information may not disclose or make available such information to any person, except the following:

    a. The Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

    b. The parties and their present and former officers, directors, and employees, who shall be designated by the party prior to any disclosure of Confidential Information to such person and who shall sign a document, in the form of Exhibit A hereto, agreeing in writing to be bound by this Confidentiality Order;

    c. Attorneys of record for the parties in this litigation and employees of such attorneys to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    d. Persons retained by the parties or their counsel to assist in this litigation as outside consultants or experts, who shall be designated by the party prior to any disclosure of Confidential Information to such persons and who shall sign a document, in the form of Exhibit A hereto, agreeing in writing to be bound by this Confidentiality Order;

    e. Deposition or trial witnesses, but only for the purposes of this action and only (i) at deposition or trial and only to the extent reasonably necessary and (ii) to prepare a witness for deposition or trial and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Confidential Information at deposition or trial, and provided that the witness signs a document, in

the form of Exhibit A hereto, agreeing in writing to be bound by this Confidentiality Order, and witnesses shall not be entitled to retain copies of such Confidential Information;

  f. Employees of outside copying, printing, or binding services; and

  g. Members and alternate members of any jury empaneled at the trial of this action, but only during the trial of this action.

7. That any Confidential Information submitted to, or filed with the Court (including, but not limited to, as part of any brief, affidavit, transcript, memorandum of law, motion, or other papers) shall be submitted *in camera* and/or filed under seal with the Court. The Clerk of this Court is directed to maintain under seal all documents and information filed under seal in this action which have been designated, in whole or in part, as Confidential Information by a party to this action. Such material shall not be disclosed except as the Court may direct after first providing notice and opportunity to be heard to the party who designated the material confidential.

8. That all documents submitted to or filed with the Court that contain any Confidential Information shall be marked conspicuously with the legend "FILED UNDER SEAL -- CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO CONFIDENTIALITY ORDER."

9. That unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or other information that has been designated "Confidential" shall be subject to the provisions of this Confidentiality Order.

10. That nothing herein shall be construed to limit in any way a party's use of its own Confidential Information. Nothing in this Confidentiality Order shall be deemed an admission that documents or information requested by any party which might be covered by this Order must be produced. The parties may assert any basis for refusing to produce documents or information allowed under Rule 26(b), except confidentiality.

11. That nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.

12. That nothing herein shall prevent any counsel of record from using Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information. In the event of such use, persons not otherwise entitled under this Confidentiality Order to access the Confidential Information shall be excluded from the examination or cross-examination.

13. That this Confidentiality Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any party be precluded from (i) claiming that any matter designated hereunder is not entitled to the protections of this Confidentiality Order, (ii) applying to the Court for an order permitting a disclosure or use of information or documents otherwise prohibited by this Confidentiality Order, or (iii) applying for an order modifying this Confidentiality Order in any respect. The parties may, by stipulation, provide for exceptions to this order.

14. That this Confidentiality Order shall not preclude any party from seeking to verify the veracity or authenticity of information provided in accordance with this Confidentiality Order as "Confidential." A party shall not be obliged to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or the designation of any person as qualified under this Confidentiality Order to receive such information, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, on any

motion challenging the designation of any document or other information as "Confidential," the burden of justifying the designation or redaction shall lie with the designating party, but the initial burden of establishing relevance of the Confidential Information shall remain with the challenging party. If a party seeks removal of particular items' designation as "Confidential" or the disclosure of particular redacted items on the ground that such designation or redaction is not necessary to protect the interests of the party furnishing the document or information, the following procedure shall be utilized:

    a.    The challenging party shall give counsel of record for the other parties written notice thereof by facsimile or e-mail, with confirmation by mail, specifying the document or information as to which such removal or disclosure is sought and the reasons for the request, including an explanation of why the document or information may be relevant to the subject matter of the action.

    b.    If, after conferring, the parties cannot reach agreement concerning the matter within three (3) business days after the delivery by facsimile or e-mail of the notice, then the challenging party may file and serve a motion for an order of this Court directing that the designation of the document, information, or other thing shall be so removed or its contents disclosed. Such motion must be filed and served within ten (10) business days after delivery by facsimile of the notice. After *in camera* review, the Court shall resolve the motion.

15. That counsel of the respective parties shall inform every person to whom they disclose Confidential Information of the existence and terms of this Confidentiality Order and shall have the duty to reasonably ensure that such person observes the terms of this Confidentiality Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Confidentiality Order.

16. That within sixty (60) days after the termination of this action, all parties or other persons having received Confidential Information shall return such material and all copies thereof (including summaries, abstracts, and excerpts), to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at trial. Notwithstanding the foregoing, counsel of record for each party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits and other papers filed in this action; (ii) one set of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits); and (iii) all of its own work product generated in connection with this action.

17. That the restrictions on the access to and use of Confidential Information set forth in this Confidentiality Order shall survive the conclusion of this action. This Court shall retain jurisdiction after the termination of this action for the purpose of enforcing and/or resolving disputes with respect to this Confidentiality Order and/or redressing any violation thereof.

18. That no part of the restrictions imposed by this Confidentiality Order may be modified, waived, or terminated, except by written stipulation executed by counsel of record for each party, or by an Order of the Court.

DATED this 1st day of November, 2006.

**MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.**

By: s/Daniel D. Maynard
Daniel D. Maynard
Jennifer A. Sparks
1800 Great American Tower
3200 Central Avenue
Phoenix, Arizona 85012
Attorneys for Plaintiff

1  **APPROVED AS TO FORM BY:**

2  By s/Daniel D. Maynard
   Daniel D. Maynard
3  **MAYNARD CRONIN ERICKSON
   CURRAN & SPARKS, P.L.C.**
4  1800 Great American Tower
   3200 North Central Avenue
5  Phoenix, Arizona 85012
   Attorneys for Plaintiff

6

7  By s/Katharine J. Galston
   Katharine J. Galston, Esq.
8  *Irell & Manella LLP*
   1800 Avenue of the Stars, Ste. 900
9  Los Angeles, CA 90067-4276
   Attorneys for Defendant

- 8 -

# EXHIBIT A

| | |
|---|---|
| Ultimate Creations, Inc. an Arizona corporation,<br><br>        Plaintiff,<br><br>v.<br><br>THQ Inc., a corporation,<br><br>        Defendant. | Case No. 2005-1134-PHX-SMM<br><br>**UNDERTAKING REGARDING CONFIDENTIAL INFORMATION** |

I, _____, state the following:

1. I have read and understand in its entirety the Stipulated Confidentiality Order ("Order") signed and entered by the Court in this action, and I attest to my understanding that access to material designated under the Order as "Confidential" may be provided to me and that such shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by and comply with the terms of the Order.

2. I shall not use or disclose to others, except in accordance with the Order, any information subject to the Order. Nothing in this Undertaking shall prevent me from using otherwise legally obtained information.

3. I agree to submit to the jurisdiction of this Court for the purposes of enforcement of this Order, and understand that, in the event that I fail to abide by the terms of the Order, I shall be subject to sanctions by way of contempt of court.

DATED this _____ day of _____, 2006.

_____
[Name]