Steven A. Marenberg (Pro Hac Vice)
Kara D. McDonald (Pro Hac Vice)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: smarenberg@irell.com
       kmcdonald@irell.com

Patricia Lee Refo (Bar No. 017032)
Andrew F. Halaby (Bar No. 017251)
**SNELL & WILMER L.L.P.**
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: prefo@swlaw.com
       ahalaby@swlaw.com

Attorneys for Defendant THQ Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>THQ INC., a corporation,<br><br>Defendant. | No. CV-05-1134-PHX-SMM<br><br>**DEFENDANT THQ'S MOTION *IN LIMINE* TO EXCLUDE INADMISSIBLE INTERNET EVIDENCE**<br><br>(ORAL ARGUMENT REQUESTED) |

Defendant THQ, Inc. ("THQ") moves *in limine* for an order precluding plaintiff Ultimate Creations, Inc. ("UCI") from offering as exhibits a variety of materials that UCI culled (either directly or indirectly) from the Internet, including emails, Internet printouts, and news articles posted on an Internet website. These materials are not admissible because the materials lack foundation and cannot be authenticated, consist entirely of inadmissible hearsay, are irrelevant to the issues in this case, and/or are unduly prejudicial. Even in the Computer Age, the Federal Rules of Evidence operate

1  to exclude these exhibits.  Accordingly, THQ moves *in limine* for an order excluding
2  UCI's proffered Internet "evidence."
3      This Motion is supported by the following Memorandum of Points and
4  Authorities.
5      DATED this 25th day of April 2008.

                    SNELL & WILMER L.L.P.

                    By  /s/ Andrew F. Halaby
                        Patricia Lee Refo
                        Andrew F. Halaby
                        One Arizona Center
                        400 E. Van Buren
                        Phoenix, Arizona 85004

                    IRELL & MANELLA LLP

                    By  /s/ Kara D. McDonald
                        Steven A. Marenberg *(Pro Hac Vice)*
                        Kara D. McDonald *(Pro Hac Vice)*
                        1800 Avenue of the Stars, Suite 900
                        Los Angeles, California 90067-4276

                    Attorneys for Defendant THQ Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION.**

UCI intends to offer at trial dozens of exhibits that utterly fail to satisfy the Federal Rules of Evidence.  Plaintiff's would-be exhibits fall into three general categories.  One, UCI intends to offer a hodgepodge of documents, the contents of which appear to have been culled from the Internet, which purport to contain instructions for creating a character that resembles the "Ultimate Warrior" character using the "Create-a-Wrestler" feature in certain of THQ wrestling-related video games ("WWE games") and/or images of such player-created characters.  Two, UCI intends to offer a collection of email correspondence between Warrior, UCI's principal, and Chris Page, a longtime, passionate fan of the "Ultimate Warrior" character.  Three, UCI

- 2 -

1  intends to offer articles that were posted to the Internet website ign.com.  For the
2  reasons discussed below, none of these materials comports with the requirements of the
3  Federal Rules of Evidence and UCI should therefore be barred from offering them as
4  exhibits at trial.

**II.   THE COURT SHOULD EXCLUDE THE SO-CALLED "EVIDENCE" UCI OBTAINED FROM THE INTERNET.**

Between chat rooms and computer-generated imagery, one can get "the Internet" to say, or show, almost anything.  But "the Internet" is nothing but a medium by which content on others' computers can be accessed.  And the content on those computers is no more inherently reliable, let alone admissible, than any other out-of-court or foundationless writing.  Yet UCI plans to introduce a number of documents that it apparently acquired, either directly or indirectly, from the Internet—documents that have no more to recommend their reliability than any other "inherently untrustworthy" Internet blather.  *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 774-75 (S.D. Tex. 1999) (finding that the Internet is "one large catalyst for rumor, innuendo, and misinformation" that "provides no way of verifying the authenticity" of its contents).  The Internet documents proffered by UCI largely concern players' use of the "Create-a-Wrestler" feature of the WWE games to create characters that they appear to believe resemble the "Ultimate Warrior" character.  (*See* Exs. *A-M* (the "Internet Exhibits").)  For example, several exhibits consist of what appear to be formulas for creating "Ultimate Warrior"-like characters or images of such player-created characters.  (*See, e.g.* Exs. A-I.)  Other exhibits identify wrestling moves or entrances that the document's unidentified author believes resemble moves that were performed by the "Ultimate Warrior" character.  (*See* Exs. K-L.)  Still other exhibits consist of reviews of WWE games or players' comments about their experience with the games.  (*See* Exs. J & M.)  None of the exhibits provide any evidence that the materials' authors or any other person was confused as to UCI's or Warrior's affiliation with the WWE games.  All of the Internet Exhibits should be excluded because the Internet materials cannot be

- 3 -

authenticated and lack foundation, consist entirely of inadmissible hearsay, are irrelevant to the issues in this case, and are unduly prejudicial.

### A.    The Internet Exhibits Lack Foundation And Cannot Be Authenticated.

Courts are justifiably reluctant to accept mere Internet printouts absent proper authentication or authentication. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) (holding that regardless of whether Internet printouts bear a URL address and date stamp, they must be authenticated by a statement from someone with knowledge of the accuracy of their contents because they do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902); *Boim v. Holy Land Found. for Relief and Dev.*, 511 F. 3d 707, 753 (7th Cir. 2007) (authentication of Internet printouts requires some type of proof that the postings were actually made by the individual or organization to whom they are being attributed); *United States v. Jackson*, 208 F. 3d 633, 638 (7th Cir. 2000).  Yet UCI has done nothing to authenticate or lay the foundation for the Internet Exhibits.  UCI has not identified the date on which the documents that make up the Internet Exhibits were downloaded and, in the majority of cases, has failed to identify the individual responsible for downloading the materials or the websites on which the materials were allegedly posted. (*See, e.g.*, Exs. F & G.)  Further, to the extent that the documents contain images that were purportedly taken from various WWE games, UCI cannot show that the images were taken from unadulterated versions of the WWE games, or that the images were not tampered with before or after they were purportedly posted on the Internet.  Because UCI cannot establish that the contents of the Internet Exhibits are authentic, *i.e.*, the materials are what UCI claims them to be, the exhibits are inadmissible.  Fed. R. Evid. 901.

### B.    The Internet Exhibits Consist Entirely Of Inadmissible Hearsay.

Even assuming that UCI could provide the requisite details as to the foundation and authenticity of the Internet Exhibits, the documents should still be excluded as

- 4 -

hearsay. The Federal Rules of Evidence define "hearsay" as "a statement, other than one made by the declarant testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Each of the documents that make up the Internet Exhibits consists entirely of statements by the documents' authors (who are generally unidentified) concerning the purported contents of THQ's video games. For example, Exhibit F consists of instructions to create a character that resembles the "Ultimate Warrior" character using the "SmackDown! vs Raw 2006" video game and images of a character that was purportedly created using those instructions. UCI can only be offering the document to prove the truth of its contents—that the instructions can be used to create a character depicted and that the document's author believes the character resembles the "Ultimate Warrior" character. Another Internet Exhibit appears to be a composite document that purports to identify materials that were allegedly posted on a variety of internet website. (Ex. I.) But this is double hearsay—out-of-court statements reporting other out-of-court statements concerning the contents of the WWE games. (*See*, *e.g.*, *id*. at UCI 000161 (identifying website that purportedly published statement: "'…The character models for your created wrestlers will support more polygons than ever before, likening them more to the 'real' wrestlers in the game than in installments from the past, and will feature many new parts from which you can construct your ultimate warrior (hint, hint). …"). UCI is plainly offering the out-of-court statements for their truth—that the identified websites in fact posted the listed information and that the posted information is true. Likewise, for each of the Internet Exhibits, UCI can only be offering them to prove the truth of the authors' statements concerning their actions and the contents of the WWE games. Such use is forbidden under Federal Rule of Evidence 802, and the Internet Exhibits should be excluded.

### C. The Internet Exhibits Are Not Relevant to Any Issue in This Action.

Further, setting aside the fact that UCI cannot authenticate or lay a proper foundation for the Internet Exhibits, and the fact that the exhibits consist entirely of

1   hearsay, the exhibits should still be excluded because they are not relevant to any issue
2   in this action. To be admissible, evidence must relevant, *i.e.*, it must tend to make the
3   existence of a consequential fact more or less probable than it would be without the
4   evidence. *See* Fed. R. Evid. 401-402. None of the Internet Exhibits has any such
5   tendency. On their face, the Internet Exhibits show, at most, that some players of the
6   WWE games believe that they can create a character that resembles the "Ultimate
7   Warrior" character or that performs moves they believe that character performed.
8   However, none of the Internet Exhibits provides any evidence that the authors of those
9   documents, or anyone else, is confused about whether UCI or Warrior is associated with
10  or sponsored the THQ games. If anything, the opposite is true and the documents
11  evidence the absence of confusion. The formulas for creating the "Ultimate Warrior"
12  character require players to complete dozens of steps. (*See, e.g.* Ex. I.) A player that
13  executes such elaborate instructions to create a character that resembles the "Ultimate
14  Warrior" character could not be under the misapprehension that the character is in the
15  game. Accordingly, the Internet Exhibits are inadmissible under Federal Rules of
16  Evidence 401 and 402 and should be excluded. *See Mattel, Inc. v. MCA Records,* 28 F.
17  Supp. 2d 1120, 1148-49 (C.D. Cal. 1998) (rejecting as "ambiguous" emails in which
18  consumers commented on allegedly infringing product but did not indicate they thought
19  that plaintiff sponsored the product); *cf. Pilot Corp. of Am. v. Fisher-Price, Inc.* 501 F.
20  Supp. 2d 292, 306-07 (D. Conn. 2007) (rejecting evidence as irrelevant because
21  evidence did not demonstrate confusion based on parties' trademarks).

**D.   The Internet Exhibits Will Confuse and Mislead the Jury and Are Unduly Prejudicial.**

24  Finally, even assuming that the Internet Exhibits have any probative value (and
25  they do not), they should be excluded under Federal Rule of Evidence 403 because their
26  probative value is substantially outweighed by the unfair prejudice, confusion of the
27  issues, and misleading of the jury that would result from their admission. For example,
28  although the formulas for creating the characters that allegedly resemble the "Ultimate

- 6 -

1 Warrior" character contain dozens of steps, the simple listing of those steps does not
2 accurately convey the time and effort required to actually create the character in the
3 WWE games, much less the time and effort that the author of the formula had to invest
4 to design the character in the first instance.  Similarly, a document that lists "cheat
5 codes" for WWE games does not accurately represent the amount of effort required to
6 discover and identify the codes.  In short, presenting the Internet Exhibits to the jury is
7 likely to mislead and confuse the jury about how the WWE games are experienced by
8 the typical video game player.  Accordingly, the Internet Exhibits should be excluded
9 under Federal Rule 403.

**III.  THE EMAIL COMMUNICATIONS BETWEEN WARRIOR AND CHRISTOPER PAGE ARE INADMISSIBLE HEARSAY AND SHOULD BE EXCLUDED.**

UCI's exhibit list includes sixteen exhibits which consist of emails from Chris Page to Warrior or email strings between Page and Warrior (the "Page Emails").  (Exs. N-CC.)  Even a cursory review of the Page Emails demonstrates that the documents consist entirely of inadmissible hearsay.  Generally speaking, the Page Emails consist of statements by Page and Warrior concerning the alleged contents of the WWE games.  For example, Exhibit W consists of an email from Page to Warrior in which Page describes how he played one of the WWE games, purports to describe the game's contents, and reports on rumors he allegedly heard concerning a WWE game that had yet to be released.  In another email, Page remarks on the purported contents of a WWE game that he admits he has not reviewed and attaches what he claims are images of characters created using that game.  (*See* Ex. X.)  UCI can only be offering the Page Emails for one purpose—to prove the truth of the matters asserted therein, *i.e.*, the purported contents of the WWE games.  Accordingly, the Page Emails are inadmissible hearsay and should be excluded.  Fed. R. Evid. 802.

The Page Emails should also be excluded on the ground that they are misleading and unduly prejudicial.  It appears that Page was charged by Warrior with investigating whether the "Ultimate Warrior" character appeared in certain WWE games.  (*See, e.g.*,

- 7 -

1  Ex. O at UCI 000138 (Warrior: "Look, can you get a copy of the Here comes the Pain,
2  can I pay you to get it? Do you have the player to play that game? Fill me in.").)  The
3  Page Emails are rife with conclusory hearsay statements by Page about his actions and
4  about the contents of the WWE games.  For example, several of the emails attach (or
5  purport to attach) images or video clips that Page claims are images or videos drawn
6  from various WWE games.  (*See, e.g.*, Exs. T-V, X-AA, & CC.)  However, the source
7  of many of the images or videos is never identified, and there is no explanation of the
8  process by which any of the images or videos were created.  Further, like the images
9  discussed above, UCI cannot show that the images attached to the Page emails were
10 taken from unadulterated versions of the WWE games or that the images were not
11 tampered with or altered.  Given the nature of Page's relationship with Warrior, the
12 conclusory nature of Page's hearsay statements, and the unreliability of the attached
13 images, the Page Emails are confusing, misleading, and unduly prejudicial and should
14 be excluded.

**IV.  NEWS ARTICLES THAT WERE POSTED ON INTERNET WEBSITES ARE HEARSAY AND SHOULD BE EXCLUDED.**

17 UCI's exhibit list includes news articles that were allegedly posted on ign.com,
18 an Internet website that appears to specialize in video game related content.  (Exs. DD-
19 FF ("News Articles").)  Even assuming that UCI can overcome the hurdles of
20 foundation and authentication discussed above, the News Articles are inadmissible
21 hearsay and should be excluded.  *Larez v. City of Los Angeles*, 946 F.2d 630, 642-43
22 (9th Cir. 1991) (holding that newspaper articles were inadmissible hearsay when offered
23 to prove their content).  Further, even assuming that the News Articles were not hearsay,
24 they are not relevant to the issues in this case.  Two of the articles consist of statements
25 concerning the content of then unreleased WWE games, with one article reporting that
26 the "Ultimate Warrior" character will be in a WWE game and the other reporting that
27 the character would not be in a different WWE game.  (Exs. DD-EE.)  UCI can offer no
28 explanation as to how such pre-release reports support its claim that THQ actually used

- 8 -

1  UCI's purported intellectual property and that THQ's alleged use resulted in consumer
2  confusion. A third article discusses how players can create their own wrestling
3  characters in a WWE game and includes instructions to create a character that the author
4  believes resembles the "Ultimate Warrior" character and images of a character
5  purportedly created using those instructions. (Ex. FF.) As with the Internet Exhibits
6  discussed above, UCI cannot establish the authenticity of the images contained in the
7  article, and there is no evidence that the author of the article (or anyone else) was
8  confused as to whether Warrior or UCI was associated with or sponsored the WWE
9  games. In short, the News Articles constitute irrelevant, inadmissible hearsay and
10 should be excluded.

**V.     CONCLUSION.**

For the foregoing reasons, THQ respectfully requests that this Court issue an order excluding from evidence the Internet Materials (Exs. A-M), the Page Emails (Exs. N-CC), and the News Articles (Exs. DD-FF).

DATED this 25th day of April 2008.

SNELL & WILMER L.L.P.

By /s/ Andrew F. Halaby
Patricia Lee Refo
Andrew F. Halaby
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004

IRELL & MANELLA LLP

By /s/ Kara D. McDonald
Steven A. Marenberg *(Pro Hac Vice)*
Kara D. McDonald *(Pro Hac Vice)*
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Attorneys for Defendant THQ Inc.

- 9 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Daniel D. Maynard
>Jennifer A. Sparks
>MAYNARD CRONIN ERICKSON
> CURRAN & SPARKS, P.L.C.
>1800 Great American Tower
>3200 North Central Avenue
>Phoenix, Arizona  85012
>Attorneys for Plaintiff

/s/ Marji Bartels