1  Steven A. Marenberg (Pro Hac Vice)
   Kara D. McDonald (Pro Hac Vice)
2  **IRELL & MANELLA LLP**
   1800 Avenue of the Stars, Suite 900
3  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
4  Facsimile:  (310) 203-7199
   Email:  smarenberg@irell.com
5          kmcdonald@irell.com

6  Patricia Lee Refo (Bar No. 017032)
   Andrew F. Halaby (Bar No. 017251)
7  **SNELL & WILMER L.L.P.**
   One Arizona Center
8  400 E. Van Buren
   Phoenix, Arizona 85004-2202
9  Telephone:  (602) 382-6000
   Facsimile:  (602) 382-6070
10 Email:  prefo@swlaw.com
           ahalaby@swlaw.com
11
   Attorneys for Defendant THQ Inc.
12

13          IN THE UNITED STATES DISTRICT COURT

14              FOR THE DISTRICT OF ARIZONA

15

16 ULTIMATE CREATIONS, INC., an      No. CV-05-1134-PHX-SMM
   Arizona corporation,
17                                   **DEFENDANT THQ'S MOTION *IN***
                Plaintiff,           ***LIMINE* TO CONSTRAIN**
18                                   **TESTIMONY OF UCI WITNESS**
   v.                                **WARRIOR TO CONFORM TO THE**
19                                   **FEDERAL RULES OF EVIDENCE**
   THQ INC., a corporation,
20
                Defendant.
21

22          Defendant THQ Inc. ("THQ") moves *in limine* for an order precluding Plaintiff

23  Ultimate Creations, Inc. ("UCI") from offering inadmissible, irrelevant and unfairly

24  prejudicial testimony through its principal, Warrior.  Specifically, THQ seeks an order

25  precluding Warrior from offering:  (1) inadmissible and irrelevant hearsay testimony

26  concerning alleged instances of actual confusion; (2) inadmissible testimony concerning

27  the contents of THQ's wrestling-related video games ("WWE games"), of which Warrior

28  has no personal knowledge; (3) inadmissible opinion testimony concerning whether

*(left margin, vertical text)* Snell & Wilmer L.L.P. / LAW OFFICES / One Arizona Center, 400 E. Van Buren / Phoenix, Arizona 85004-2202 / (602) 382-6000

THQ's alleged use of UCI's purported "intellectual property" was "willful" or "not innocent"; and (4) inadmissible opinion testimony concerning the proper legal standard governing the award of damages, if any, in this action.

This motion is supported by the following Memorandum of Points and Authorities.

DATED this 25th day of April 2008.

SNELL & WILMER L.L.P.

By  /s/ Andrew F. Halaby
Patricia Lee Refo
Andrew F. Halaby
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004

IRELL & MANELLA LLP

By  /s/ Kara D. McDonald
Steven A. Marenberg *(Pro Hac Vice)*
Kara D. McDonald *(Pro Hac Vice)*
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Attorneys for Defendant THQ Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   BACKGROUND.

UCI's primary claim in this case is that THQ used UCI's purported "intellectual property" in the "Ultimate Warrior" character in THQ's wrestling-related video games ("WWE games") and, as a result, consumers are likely to be confused as to whether UCI or Warrior is associated with or sponsored the WWE games.  THQ denies that UCI has any protectable interest in the "Ultimate Warrior" character, denies that it used UCI's purported "intellectual property," and denies that there is any likelihood of confusion as to whether UCI or Warrior is associated with or sponsored the WWE games.  UCI has failed to adduce admissible evidence to prove its claims.  Instead, UCI will apparently seek to advance its cause by having its principal, Warrior, serve as a "Jack-of-all-trades" at trial. Specifically,

- Rather than present admissible evidence of consumer confusion (because there is none), UCI intends to have Warrior paraphrase hearsay communications he allegedly received from unnamed individuals who were purportedly confused as to whether UCI or Warrior is associated with or sponsored the WWE games.

- Rather than present admissible evidence of the contents of the WWE games, UCI intends to have Warrior—who has never played any WWE game— testify as to his understanding of the games' contents based on information he received from others.

- Rather than permit the jury to decide the issues in this case, UCI intends to have Warrior tell the jury through improper opinion testimony what result they should reach.

- Rather than let the Court instruct the jury on the applicable law governing the award of damages, if any, in this case, UCI intends to have Warrior instruct the jury through improper opinion testimony concerning the proper measure of damages.

But Warrior cannot serve as an all-purpose witness, judge and jury. His testimony must conform to the Federal Rules of Evidence.

## II.   WARRIOR SHOULD BE PRECLUDED FROM OFFERING HEARSAY TESTIMONY AS TO ALLEGED INSTANCES OF ACTUAL CONSUMER CONFUSION.

Warrior should be precluded from testifying as to communications he allegedly had with individuals who were purportedly confused as to whether Warrior was affiliated with the WWE games. Based on his deposition testimony, Warrior will seek to testify at trial that a number of people contacted him expressing confusion about whether Warrior was associated with the WWE games. Specifically, Warrior testified that he had received emails from "many people" during the course of this litigation from people that were confused about whether he was associated with the WWE games. (*See* Excerpts of Deposition of Warrior, attached as Ex. A, at 52:18- 55:3.) However, with the exception of emails received from one individual in London, England, UCI failed to produce any of the emails Warrior claims to have received.[1] Nor was Warrior able to provide the names of

---

[1] The admissibility of the emails that Warrior allegedly received from Londoner Chris Page is addressed in THQ's Motion Regarding Plaintiff's Foundationless, Hearsay, and Unfairly Prejudicial Internet Evidence, submitted concurrently herewith.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

the allegedly confused individuals or any specific details concerning the communications.

(*Id.*)  Warrior should be precluded from offering any testimony concerning these alleged

communications because such testimony constitutes inadmissible hearsay.

Based on his deposition testimony, Warrior will seek to testify at trial that a

number of people contacted him expressing confusion about whether Warrior was

associated with the WWE games.  But Warrior's self-serving testimony concerning what

these third-parties allegedly told him constitutes textbook hearsay: out of court statements

offered for their truth.  Courts routinely reject hearsay evidence of this sort in trademark

cases.  *See, e.g., Meeker v. Meeker*, No. C 02-0741, 2004 WL 2457793, at *7 (N.D. Cal.

July 6, 2004) (striking as hearsay portion of declaration containing statements attributed to

other people offered for the purpose of showing that those people were confused);

*Alchemy II, Inc. v. Yes! Entm't Corp*., 844 F. Supp. 560, 570 n.12 (C.D. Cal. 1994)

(evidence of phone inquiries and declaration reporting that another person was confused

constituted inadmissible hearsay); *A & H Sportswear Co. v. Victoria's Secret Stores, Inc.*,

57 F. Supp. 2d 155, 174-75 (E.D. Pa. 1999) (rejecting employee accounts of consumer

confusion and noting that "second hand accounting is particularly unreliable given the

lack of opportunity for cross-examination of the caller or sender regarding the reason for

the confusion") (internal quotation omitted); *Sara Lee Corp. v. Aris Indus. Inc.*, No. 00

CIV. 5649, 2001 WL 607005, at *4 (S.D.N.Y. Jan. 4, 2001) ("Defendant is correct in

asserting that the four e-mails submitted by Plaintiffs are inadmissible hearsay.  The e-

mails are being offered for their truth-to show that prospective consumers have been

confused-and are unable to be corroborated.  Consequently, the Court finds no evidence of

actual confusion present in this case."); *Avery Dennison Corp. v. Acco Brands, Inc.*, No.

CV99-1877, 1999 WL 33117262, at *17-18 (C.D. Cal. Oct. 12, 1999) (declarations

regarding a handful of consumer calls were inadmissible hearsay in addition to being de

minimis); *Vitek Sys., Inc. v. Abbott Lab.*,  675 F.2d 190, 193 (8th Cir. 1982) (testimony by

plaintiff's employees that customers had told them they were confused constitutes

hearsay).  Warrior's hearsay testimony concerning the contents of emails he allegedly

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

received is plainly inadmissible.  Fed. R. Evid. 802.

Further, Warrior's testimony that some individuals have been confused as to whether he is affiliated with the WWE games is irrelevant absent evidence of the basis for the alleged confusion and evidence that the confusion affected actual purchasing decisions.  Actual confusion is probative of trademark infringement only if it is causally related to the parties' use of the marks.  *See* 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 23:13 (4th ed. 2005); *Avery Dennison Corp.*, 1999 WL 33117262, at *18 ("The confusion must relate to the similarity of the trade dresses."); *Alpha Indus., Inc. v. Alpha Steel Tube & Shapes, Inc.*, 616 F.2d 440, 445 (9th Cir. 1980) (actual confusion evidence properly disregarded where source of confusion was based on an unfounded rumor and was not causally related to defendant's name or mark).  Confusion arising from rumors or other factors is irrelevant.  Further, for the purposes of the Lanham Act, relevant confusion is confusion that affects the purchase and sale of goods and service—not confusion in general.  *Lang v. Retirement Living Pub. Co., Inc.*, 949 F.2d 576, 582 -583 (2d Cir. 1991).  Here, even assuming arguendo that some confused individuals contacted Warrior, there is no way to determine the basis for their confusion or whether that confusion had any affect on actual purchasing decisions.  The "many" communications that Warrior claims to have received cannot be cross-examined; indeed, they have not even been produced.  Accordingly, Warrior's testimony that some number of unidentified individuals were confused is not only inadmissible hearsay, it is irrelevant absent evidence that the alleged confusion was related to THQ's alleged use of UCI's purported trademarks or trade dress or that the confusion affected any actual purchasing decisions.

## III.   WARRIOR SHOULD BE PRECLUDED FROM TESTIFYING AS TO THE CONTENTS OF THE WWE GAMES BECAUSE HE LACKS PERSONAL KNOWLEDGE OF THOSE CONTENTS

Warrior should be precluded from testifying about the contents of WWE games under Federal Rule of Evidence 602 because he has no personal knowledge concerning

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

those contents.  Rule 602 states: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  At his deposition, Warrior testified repeatedly and unequivocally testified that he had never played the WWE games.  (*See* Ex. A at 15:24-16:17; 27:12-21; 35:23-36:1; 42:10-24.)  Instead, Warrior testified that his only knowledge of the contents of the WWE games was based on what other people had told him and on "video clips" created by others that purportedly contain footage from various WWE games.  (*Id*.)  For example, Warrior testified:

> Q:    …Have you ever seen your character in the game?
>
> A:    Yes.
>
> Q:    How have you seen your character – have you played the games?
>
> A:    I don't play the games.  I have played video clips.

(*Id*. at 27:12-21.)  Because Warrior admittedly has no personal knowledge of the contents of the WWE games, Rule 602 precludes him from offering any testimony as to the contents of those games.

## IV.    WARRIOR SHOULD BE PRECLUDED FROM OFFERING OPINION TESTIMONY THAT THQ'S ALLEGED USE OF UCI'S PURPORTED "INTELLECTUAL PROPERTY" WAS "WILLFUL" OR "NOT INNOCENT."

Warrior should be precluded from offering improper lay opinion testimony as to whether THQ's alleged use of UCI's purported "intellectual property" was "willful" or "not innocent."  Specifically, in its portion of the Proposed Form of Pretrial Order, UCI states that Warrior "will testify that in his opinion the use of his character by THQ is intentional infringement and that THQ is not an innocent user of the trademarks and character based upon THQ's earlier, unsuccessful request for permission to use 'Warrior' and 'Ultimate Warrior' marks, design logo, and movesets associated with the Warrior and Ultimate Warrior character."  However, Warrior's opinion as to THQ's alleged motivations are inadmissible opinion testimony and should be excluded.

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

"Under Federal Rule of Evidence 701, a lay witness's testimony in the form of an opinion is permissible only when it is helpful to understanding the witness's testimony or to the determination of a fact in issue." *United States v. Henke*, 222 F.3d 633, 641 (9th Cir. 2000). Courts have consistently held that, where a lay witness can testify as to the facts upon which his opinion as based, the witness's opinion itself is not helpful and is therefore inadmissible. *Id.* ("If the jury already has all of the information upon which the witness's opinion is based, the opinion is not admissible."); *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982) ("If the jury can be put into a position of equal vantage with the witness for drawing the opinion, then the witness may not give an opinion."); *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) (Federal Rules of Evidence 701 and 403 preclude "admission of opinions which merely tell the jury what result to reach"). Simply put, because the jury can be presented with all of the information on which Warrior's "opinions" are based, Warrior's opinions that THQ's alleged conduct was "willful" or "not innocent" are inadmissible under Rule 701.

## V.  WARRIOR SHOULD BE PRECLUDED FROM OFFERING OPINION TESTIMONY ON THE PROPER LEGAL STANDARD GOVERNING THE AWARD OF DAMAGES, IF ANY, IN THIS ACTION.

Warrior should also be precluded from offering improper lay opinion testimony as to the correct standard governing the award of damages, if any, in this action. Specifically, in its portion of the Proposed Form of Pretrial Order, UCI states: "[S]ince the infringement was willful, Warrior will testify that in his opinion a damage award should be based on an accounting of THQ's profits." As an initial matter, THQ disputes that it infringed UCI's purported "intellectual property" and, in any event, denies that UCI would be entitled to recover THQ's profits. However, it is indisputable that Warrior's "opinion" about the proper basis of a damage award, if any, is improper. As discussed above, lay witnesses may not offer opinions which merely tell the jury what conclusion to reach. *Henke*, 222 F.3d at 641; *Skeet*, 665 F.2d at 985; *Hygh*, 961 F.2d 359 at 363. Further, it is the province of the Court—not Warrior—to instruct the jury on the

1    applicable law.  Warrior's opinion about the proper basis for a damage award is not

2    helpful to the jury and therefore is inadmissible under Rule 701.

3    **VI.    CONCLUSION.**

4           For the foregoing reasons, THQ respectfully requests that this Court issue an order

5    precluding UCI from offering through Warrior (1) inadmissible and irrelevant hearsay

6    testimony concerning alleged instances of actual confusion; (2) inadmissible testimony

7    concerning the contents of THQ's wrestling-related video games ("WWE games"), of

8    which Warrior has no personal knowledge; (3) inadmissible opinion testimony concerning

9    whether THQ's alleged use of UCI's purported "intellectual property" was "willful" or

10   "not innocent"; and (4) inadmissible opinion testimony concerning the proper legal

11   standard governing the award of damages, if any, in this action.

12          DATED this 25th day of April 2008.

13

14                                      SNELL & WILMER L.L.P.

15                          By   /s/ Andrew F. Halaby
                                 Patricia Lee Refo
16                               Andrew F. Halaby
                                 One Arizona Center
17                               400 E. Van Buren
                                 Phoenix, Arizona 85004
18
19                               IRELL & MANELLA LLP

20                          By   /s/ Kara D. McDonald
21                               Steven A. Marenberg *(Pro Hac Vice)*
                                 Kara D. McDonald *(Pro Hac Vice)*
22                               1800 Avenue of the Stars, Suite 900
                                 Los Angeles, California 90067-4276
23
                                 Attorneys for Defendant THQ Inc.
24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on April 25, 2008, I electronically transmitted the foregoing

3   to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4   Electronic Filing to the following CM/ECF registrant:

5                                   Daniel D. Maynard
                                     Jennifer A. Sparks
6                                    MAYNARD CRONIN ERICKSON
                                       CURRAN & SPARKS, P.L.C.
7                                    1800 Great American Tower
                                     3200 North Central Avenue
8                                    Phoenix, Arizona 85012
                                     Attorneys for Plaintiff

9

10

11   /s/ Marji Bartels
     _____
     8735690

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000