Steven A. Marenberg (Pro Hac Vice)
Kara D. McDonald (Pro Hac Vice)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
Email:  smarenberg@irell.com
           kmcdonald@irell.com

Patricia Lee Refo (Bar No. 017032)
Andrew F. Halaby (Bar No. 017251)
**SNELL & WILMER** L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone:  (602) 382-6000
Facsimile:  (602) 382-6070
Email:  prefo@swlaw.com
           ahalaby@swlaw.com

Attorneys for Defendant THQ Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation, | No. CV-05-1134-PHX-SMM |
| Plaintiff, | **DEFENDANT THQ'S MOTION *IN LIMINE* TO PRECLUDE UNDISCLOSED EXPERT TESTIMONY BY UCI WITNESS DANIEL SIEGEL** |
| v. | |
| THQ INC., a corporation, | |
| Defendant. | (ORAL ARGUMENT REQUESTED) |

Defendant THQ Inc. ("THQ") moves *in limine* for an order limiting the testimony of plaintiff witness Daniel Siegel to the topics disclosed in plaintiff Ultimate Creations, Inc.'s ("UCI") Rule 26(a)(1) disclosures.  From the outset of this case, UCI has identified Mr. Siegel as a fact witness who had knowledge of certain unsuccessful negotiations between the parties and related correspondence.  Now, on the eve of trial and long after the close of discovery, UCI seeks to have Mr. Siegel offer expert testimony on an entirely different topic—the purported value of the "Ultimate Warrior" character.  UCI's failure

to timely disclose Mr. Siegel as a witness on this topic—as an expert or otherwise—has deprived THQ of the ability to take meaningful discovery concerning Mr. Siegel's purported opinions and the basis for those opinions.  Accordingly, THQ respectfully requests that the Court limit Mr. Siegel's testimony to the topics stated in UCI's Rule 26(a) disclosures.

This Motion is supported by the following Memorandum of Points and Authorities.

DATED this 25th day of April 2008.

SNELL & WILMER L.L.P.

By  /s/ Andrew F. Halaby
Patricia Lee Refo
Andrew F. Halaby
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004

IRELL & MANELLA LLP

By  /s/ Kara D. McDonald
Steven A. Marenberg *(Pro Hac Vice)*
Kara D. McDonald *(Pro Hac Vice)*
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Attorneys for Defendant THQ Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND.**

Throughout this case, UCI has consistently disclosed Mr. Siegel as a fact witness who had knowledge of certain unsuccessful negotiations between the parties and related correspondence.  Now, on the eve of trial and long after the close of discovery, UCI seeks to have Mr. Siegel offer expert testimony on an entirely different topic—the purported value of the "Ultimate Warrior" character.  UCI's failure to timely disclose Mr. Siegel as a witness on this topic—as an expert or otherwise—has deprived THQ of the ability to take meaningful discovery concerning Mr. Siegel's purported opinions and the basis for

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   those opinions.  Accordingly, THQ respectfully requests that the Court limit Mr. Siegel's

2   testimony to the topics stated in UCI's Rule 26(a) disclosures, namely facts concerning

3   the parties' negotiations.

4   **II.   ARGUMENT.**

5       UCI's attempt to offer through Mr. Siegel undisclosed expert testimony

6   concerning the value of the "Ultimate Warrior" character is exactly the type of

7   gamesmanship the Federal Rules' expert disclosure requirements were designed to avoid.

8   *See* Fed. R. Civ. P. 26(a)(2) (expert report must disclose all opinions to be offered at

9   trial); 37(c)(1) (violation of Rule 26 requires exclusion of evidence unless its proponent

10  can demonstrate that the violation was "substantially justified" or "harmless"); *Yeti by*

11  *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (exclusion of

12  evidence under Rule 37 is "automatic" and the "appropriate remedy for failing to fulfill

13  the required disclosure requirements of Rule 26(a).") (internal citations omitted).  UCI

14  was plainly obligated to disclose Mr. Siegel as an expert under the Federal Rules.  *See*

15  Fed. R. Civ. P. 26(b).  Yet UCI failed to do so.  Instead, in each of UCI's pretrial

16  disclosures under Rule 26(a)(1), UCI identified Mr. Siegel as a potential fact witness and

17  described the subjects on which he had discoverable information as follows:  "Mr. Siegel

18  worked with Warrior in his negotiations with THQ.  It is expected that he will testify as

19  to the unsuccessful negotiations and correspondence between the parties regarding the

20  same."  *See* (Ex. 1, Plaintiff's Initial Disclosure Statement; Ex. 2, Plaintiff's Second

21  Supplemental Disclosure Statement.[1])  Mr. Siegel was never disclosed as an expert

22  witness—indeed, the only "expert" disclosed by UCI is Warrior himself and rebuttal

23  expert Chris Byerly.  (*See* Ex. 3, Disclosure Pursuant to Federal Rules of Evidence 701,

24  702, 703, 705 [sic], and 705; Ex. 4, Plaintiff's Rebuttal Expert Pursuant to Federal Rules

25  of Evidence 701, 702, 703, 704 and 705.)  However, in its portion of the Proposed

26  Pretrial Order, UCI announced for the first time that "Mr. Siegel has knowledge as to the

27  value of the Ultimate Warrior."  Because neither Mr. Siegel, much less the substance of

28  ────────────────────
[1] UCI did not disclose any witnesses in its First Supplemental Disclosure Statement.

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

——— L.L.P. ———

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   or basis for his opinions, was timely disclosed, Mr. Siegel should not be permitted to

2   testify as to the value of the "Ultimate Warrior" character.

3   　　　Courts routinely preclude expert testimony that was not timely and properly

4   disclosed under Rule 26.  *See, e.g., Silong v. United States*, No. 06-0474, 2007 WL

5   2712100, at *1 (E.D. Cal. Sept. 14, 2007) (limiting expert testimony to that which was

6   disclosed in an expert report); *Inline Connection Corp. v. AOL Time Warner, Inc.*, 472 F.

7   Supp. 2d 604, 614 n.51 (D. Del. 2007) (precluding expert from testifying on subjects

8   outside the scope of his report and deposition where his deposition occurred over six

9   months before trial); *Lamarca v. United States*, 31 F. Supp. 2d 110, 123 (E.D.N.Y. 1998)

10  (striking expert's testimony on opinions which, even if disclosed in deposition testimony,

11  were not disclosed in his report); *King v. Ford Motor Co.*, 209 F.3d 886, 900-01 (6th Cir.

12  2000) (affirming the district court's exclusion of expert testimony on subjects that were

13  not disclosed prior to trial).  As the *King* court held, testimony not timely disclosed in a

14  Rule 26 expert report cannot be offered at trial because it would deny the opposing "the

15  opportunity to prepare properly for [those] witnesses."  *Id.* at 901.

16  　　　The same result follows here, for the same reasons.  UCI not only failed to

17  disclose the substance Mr. Siegel's opinion through an expert report, it failed to disclose

18  Mr. Siegel as an expert at all.  UCI's attempt to use Mr. Siegel to offer opinions that were

19  never disclosed is neither justified nor harmless.  THQ would be seriously and irreparably

20  prejudiced if it were forced to cross-examine Mr. Siegel without any knowledge of the

21  substance of his opinion, the basis for that opinion, or even Mr. Siegel's qualification to

22  offer that opinion.  *See, e.g.*, *King*, 209 F.3d at 900-01 (failure to disclose opinions prior

23  to trial did not allow the other party to properly prepare for cross-examination); *Beller ex*

24  *rel. Beller v. United States*, 221 F.R.D. 696, 701-02 (D.N.M. 2003) (noting that prejudice

25  cannot be cured by permitting new depositions and rebuttal reports when the parties are

26  close to trial); Fed. R. Civ. P. 26 1993 advisory committee's note to Rule (a)(2) (noting

27  that rule "imposes an additional duty to disclose information regarding expert testimony

28  sufficiently in advance of trial that opposing parties have a reasonable opportunity to

prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses"). UCI was fully capable of disclosing Mr. Siegel as an expert and submitting an expert report setting forth Mr. Siegel's opinion as to the value of the "Ultimate Warrior" character and the basis for that opinion. UCI chose not to do so. That choice precludes UCI from offering Mr. Siegel's undisclosed expert opinion at trial.

## III.   CONCLUSION.

For the foregoing reasons, THQ respectfully requests that this Court issue and order precluding Mr. Siegel from offering any testimony concerning the value of the Ultimate Warrior character or any other subject not properly disclosed by UCI.

DATED this 25th day of April 2008.

SNELL & WILMER L.L.P.


By  /s/ Andrew F. Halaby
    Patricia Lee Refo
    Andrew F. Halaby
    One Arizona Center
    400 E. Van Buren
    Phoenix, Arizona 85004

IRELL & MANELLA LLP


By  /s/ Kara D. McDonald
    Steven A. Marenberg *(Pro Hac Vice)*
    Kara D. McDonald *(Pro Hac Vice)*
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276

Attorneys for Defendant THQ Inc.

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on April 25, 2008, I electronically transmitted the foregoing

3   to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4   Electronic Filing to the following CM/ECF registrant:

5

6                              Daniel D. Maynard
                               Jennifer A. Sparks
7                              MAYNARD CRONIN ERICKSON
                                CURRAN & SPARKS, P.L.C.
8                              1800 Great American Tower
                               3200 North Central Avenue
9                              Phoenix, Arizona  85012
                               Attorneys for Plaintiff
10

11  /s/ Marji Bartels
    8737460
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28