1   Steven A. Marenberg (Pro Hac Vice)
    Kara D. McDonald (Pro Hac Vice)
2   **IRELL & MANELLA LLP**
    1800 Avenue of the Stars, Suite 900
3   Los Angeles, California 90067-4276
    Telephone:  (310) 277-1010
4   Facsimile:  (310) 203-7199
    Email:  smarenberg@irell.com
5              kmcdonald@irell.com

6   Patricia Lee Refo (Bar No. 017032)
    Andrew F. Halaby (Bar No. 017251)
7   **SNELL & WILMER L.L.P.**
    One Arizona Center
8   400 E. Van Buren
    Phoenix, Arizona 85004-2202
9   Telephone:  (602) 382-6000
    Facsimile:  (602) 382-6070
10  Email:  prefo@swlaw.com
             ahalaby@swlaw.com
11
    Attorneys for Defendant THQ Inc.

12

13                     IN THE UNITED STATES DISTRICT COURT

14                          FOR THE DISTRICT OF ARIZONA

15

| | |
|---|---|
| 16  ULTIMATE CREATIONS, INC., an Arizona corporation, | No.  CV-05-1134-PHX-SMM |
| 17 | |
| 18              Plaintiff, | **THQ'S MOTION *IN LIMINE* TO PRECLUDE MISLEADING EVIDENCE OF THQ'S VIDEO GAMES' CONTENT** |
| 19  v. | |
| 20  THQ INC., a corporation, | (ORAL ARGUMENT REQUESTED) |
| 21              Defendant. | |

22       Defendant THQ Inc. ("THQ") moves *in limine* for an order precluding plaintiff

23  Ultimate Creations, Inc. ("UCI") from offering misleading evidence of the contents of

24  THQ's wrestling-related video games (the "WWE games").  Specifically, UCI intends to

25  offer "videos" purporting to show the creation of the "Ultimate Warrior" character, and

26  certain wrestling moves UCI claims as its own, in THQ games.  Because UCI has not

27  produced these "videos" to THQ, it is unclear whether they consist of *not only* actual

28  video footage from WWE games being played, or *also* WWE games using storage

devices containing content developed by playing and saving the game before being shown to the jury. Either way, THQ understands from UCI that the "videos" are designed to shorten the time it takes in Court to get the WWE games to do what UCI contends they do. THQ submits that any such time compression is inherently unrealistic, unfairly prejudicial, and misleading. Such evidence inevitably would mislead the jury into misunderstanding how the WWE games actually work — and how attenuated any connection between the games and the "Ultimate Warrior" character really is. The Court should exclude this evidence as unfairly prejudicial, confusing, and misleading under Fed. R. Evid. 403. Indeed, the "videos" are irrelevant as well, because they bear no relation to the consuming public's impression of the games as they actually are sold in commerce. Finally, the Court should exclude the "videos" for lack of disclosure under Fed. R. Civ. P. 26(a)(1) and 37(c)(1).

This Motion is supported by the following Memorandum of Points and Authorities.

DATED this 25th day of April 2008.

        SNELL & WILMER L.L.P.

By  /s/ Andrew F. Halaby
    Patricia Lee Refo
    Andrew F. Halaby
    One Arizona Center
    400 E. Van Buren
    Phoenix, Arizona 85004-2202

IRELL & MANELLA LLP

By  /s/ Kara D. McDonald
    Steven A. Marenberg *(Pro Hac Vice)*
    Kara D. McDonald *(Pro Hac Vice)*
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276

Attorneys for Defendant THQ Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. UCI'S PROPOSED "VIDEO" EVIDENCE SHOULD BE EXCLUDED AS UNFAIRLY PREJUDICIAL, CONFUSING, AND MISLEADING.

UCI claims the contents of THQ's WWE videogames somehow infringe rights belonging to UCI. Identifying UCI's alleged "rights" is difficult because, even at this late date, UCI still is attempting, in essence, to claim rights *in gross* in the "Ultimate Warrior" character. Setting that difficulty aside, the "Ultimate Warrior" character does not appear in any WWE game. But using the WWE games' "Create-a-Wrestler" feature, with enough time and skill, a player can make that resembles that character, just as the player can make characters resembling Britney Spears, Steve Nash, Mr. Clean, Hillary Clinton, or anyone else. It follows that THQ is entitled to judgment as a matter of law that it is not, and cannot be, liable under any theory of "knocking off" the "Ultimate Warrior" character. Even were there cognizable trademark rights in that character, THQ is no more liable on such a theory than would be the crayon and paper manufacturers whose products can be used to draw a picture of that character.

In any event, THQ is at least entitled to preclusion of any evidence of an "Ultimate Warrior" game character where that character was generated, in whole or in part, outside of court. To the extent UCI is to try to convince a jury that THQ's *providing the ability to make* a character is tantamount to THQ's *making* the character, then UCI should have to make its showing in a realistic, not misleading, manner. Specifically, UCI should have to show the jury in real time, in court, the entirety of the process it takes to create a wrestler that looks like the "Ultimate Warrior" character — from the time the THQ game is booted up through the end of the process, without any time compression. Any alternative will leave the jury with an unrealistic sense of just how long it takes to make a character from scratch using the "Create-a-Wrestler" game feature. *See* Fed. R. Evid. 403. UCI's own counsel has acknowledged in pretrial conference that the process to make the "Ultimate Warrior" character in a THQ game is time-consuming. The very motivation to short-circuit that process, by truncating what the jury sees of it,

1   demonstrates why it would be unfair for the jury to see anything less than *all* of it.[1]

2   Similarly, one of the things about the "Ultimate Warrior" character in which UCI
3   claims exclusive rights is a particular set of moves that character allegedly used to use
4   during performances.  UCI claims that THQ's games include a similar move set called
5   "OUW."  It is true that in THQ's "WWE SmackDown! Here comes the Pain" game, a
6   player can access a move set called "OUW."  But this feature is only accessible as an
7   "unlockable" feature, meaning that a player must first attain a certain level of success in
8   the game before the feature becomes available.  A feature buried (deeply) in a video
9   game is not, as a matter of law, used in commerce in connection with the sale of those
10  games and cannot, as a matter of law, be confusing to anyone, let alone game purchasers.
11  *See, e.g.*, 15 U.S.C. § 1125(a)(1).

12  But again, if UCI is to try to persuade a jury of some entitlement to relief based on
13  the move set, UCI should have to do so in a realistic, not misleading, manner.  At trial,
14  UCI wants to present game "videos" which have already been played through the steps
15  necessary to access the "OUW" move set so as to leave only accessing and playing with
16  the move set for the jury to see.  But this gambit too would create the misleading
17  impression that the move set is an immediately available, easily accessed feature of
18  THQ's games when, in fact, it is not.  *See* Fed. R. Civ. P. 403.  To the extent UCI wants
19  to show the jury the "OUW" move set, it should be required to show the jury the *entire*
20  process that is necessary to access that move set.

21  **II.   UCI'S PROPOSED "VIDEO" EVIDENCE SHOULD BE EXCLUDED AS IRRELEVANT.**
22

23  As the foregoing discussion demonstrates, UCI's "videos" are not only unfairly
24  prejudicial; they are irrelevant.  UCI's essential claim is that the fact that players of the

---

[1] If the Court has any doubts on this score, THQ urges the Court to review for itself, in the presence of counsel, both UCI's "videos" and the real time video game experience before permitting the jury to see any such "video" evidence.  The Court's review should include an inquiry into the videos' foundation.  Such a comparison will reveal the highly prejudicial and misleading nature of UCI's proposed "evidence."

- 4 -

1  WWE games can create a character that they believe resembles the "Ultimate Warrior"
2  character creates confusion as to the source or sponsorship of the games.  Evidence of
3  features that can only be experienced through deep game play after purchase has no
4  tendency to prove that confusion is likely among consumers in the purchasing
5  environment.  *See* Fed. R. Evid. 401-402.

### III. UCI'S PROPOSED "VIDEO" EVIDENCE SHOULD BE EXCLUDED BECAUSE THE EVIDENCE HAS NEVER BEEN SHOWN TO THQ.

Federal Rule of Civil Procedure 26(a)(1) imposes on each party the obligation to identify, among other things, all documents, electronically stored information, and tangible things the disclosing party may use to support its claims.  If the party fails to do so, "the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Not only did UCI fail to identify the "videos," even now it has failed to make the videos available to THQ.  The Court should exclude them on this independent ground as well.

### IV. CONCLUSION.

For the foregoing reasons, THQ respectfully requests that this Court exclude UCI's misleading "video" evidence of the contents of THQ's games.

DATED this 25th day of April 2008.

        SNELL & WILMER L.L.P.

        By  /s/ Andrew F. Halaby
            Patricia Lee Refo
            Andrew F. Halaby
            One Arizona Center
            400 E. Van Buren
            Phoenix, Arizona 85004-2202

        IRELL & MANELLA LLP

        By  /s/ Kara D. McDonald
            Steven A. Marenberg *(Pro Hac Vice)*
            Kara D. McDonald *(Pro Hac Vice)*
            1800 Avenue of the Stars, Suite 900
            Los Angeles, California 90067-4276

        Attorneys for Defendant THQ Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Daniel D. Maynard
>Jennifer A. Sparks
>MAYNARD CRONIN ERICKSON
>  CURRAN & SPARKS, P.L.C.
>1800 Great American Tower
>3200 North Central Avenue
>Phoenix, Arizona 85012
>Attorneys for Plaintiff

/s/ Marji Bartels