Steven A. Marenberg (Pro Hac Vice)
Kara D. McDonald (Pro Hac Vice)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: smarenberg@irell.com
       kmcdonald@irell.com

Patricia Lee Refo (Bar No. 017032)
Andrew F. Halaby (Bar No. 017251)
**SNELL & WILMER L.L.P.**
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: prefo@swlaw.com
       ahalaby@swlaw.com

Attorneys for Defendant THQ Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>THQ INC., a corporation,<br><br>Defendant. | No. CV-05-1134-PHX-SMM<br><br>**DEFENDANT THQ'S PRETRIAL SUBMISSIONS** |

Defendant THQ Inc. ("THQ") submits herewith the pretrial materials required by the Court's April 18, 2008 Order [Dkt. #91].

As explained below, these submissions include, to varying but in most instances incomplete degrees, the input and agreement of plaintiff Ultimate Creations, Inc. ("UCI"). UCI's counsel aptly explained his plight when, in Dkt. #89, he requested the one-week extension of Dkt. #86's deadlines which resulted in Dkt. #91. The parties' counsel all are friendly with one another. THQ's counsel has no desire to, and does not

1  here, exploit UCI's counsel's scheduling difficulties.  It nevertheless is true that Dkt. #91
2  is a federal court order, and its deadlines must be followed.  UCI's counsel's ongoing
3  scheduling conflicts (which this week have included day-long arbitration proceedings
4  every day except Wednesday) have necessitated that THQ — the defendant — bear
5  virtually all of the burden and expense associated with preparing the parties' pretrial
6  submissions.  And although both Dkt. #86 and Dkt. #91 contemplated that the usual
7  pretrial back-and-forth between the parties would ripen the parties' pretrial submissions
8  into submissions that are as joint as possible, while sharpening and narrowing to the
9  extent possible any disagreements over the submissions' contents, UCI's counsel's
10 scheduling conflicts have made the contemplated back-and-forth impossible.  Time has
11 simply run out, as THQ's counsel explained to UCI's counsel during a previously-
12 scheduled 5:30 p.m. teleconference on Thursday, April 24.

      Accordingly, THQ submits the following documents so as to comply, as best it is able, with the deadlines of Dkt. #91:

| Exhibit | Description | Comment |
| --- | --- | --- |
| 1 | THQ's Proposed Form of Pretrial Order | This document incorporates UCI's proposed edits received through the morning of Thursday, April 24 and THQ's responses thereto. |
| 2 | UCI's Thursday, April 24 9:36 a.m. comments to then-current draft of joint Proposed Pretrial Order | |
| 3 | The Parties' Agreed Proposed Preliminary Jury Instructions | The parties were able to agree to these instructions when they conferred the morning of Wednesday, April 23. |
| 4 | THQ's Proposed Supplemental Preliminary Jury Instructions | |

| Exhibit | Description | Comment |
|---|---|---|
| 5 | UCI's Tuesday, April 22 3:26 p.m. comments to THQ's draft joint Preliminary Jury Instructions served on Friday, April 18 p.m. | These are the proposed preliminary instructions and comments that were the subject of the parties' conference on the morning of Wednesday, April 23. |
| 6 | UCI's Wednesday, April 23 2:44 p.m. additional comments to draft Preliminary Jury Instructions | |
| 7 | Proposed Final Jury Instructions | During their conference on Wednesday, April 23, the parties agreed to these instructions. As explained below, UCI backed out on its agreement to almost every substantive instruction at 3:44 p.m. the afternoon before the filing deadline. |
| 8 | THQ's Proposed Supplemental Final Jury Instructions | The parties were unable to reach an agreement as to these instructions during their April 23 conference. |
| 9 | UCI's Tuesday, April 22 4:21 p.m. comments to THQ's draft joint Final Jury Instructions served on Friday, April 18 p.m. | The parties conferred about these instructions the morning of Wednesday, April 23. UCI indicated that it might submit a few additional jury instructions later that day or, at the latest, "first thing in the morning." |
| 10 | UCI's Thursday, April 24 3:44 p.m. additional revisions to THQ's draft joint Final Jury Instructions served on | At 3:44 p.m. on April 24, the afternoon before the filing deadline, UCI submitted "revisions" to the proposed final jury instructions. UCI not only proposed several new instructions, but also purported to "revise" instructions on which the parties had previously agreed, wholly backing out of the substantial agreement as to final instructions reached by counsel on the morning of April 23. Moreover, UCI's transmittal contemplated *still more* revisions to come. |
| 11 | THQ's Proposed Description of the Case | The parties conferred about this document on Wednesday, April 23, but were unable to reach an agreement. |

- 3 -

| Exhibit | Description | Comment |
|---|---|---|
| 12 | UCI's Monday, April 21 2:03 p.m. comments to THQ's draft joint Proposed Description of the Case served on Friday, April 18 p.m. | The parties conferred about these the morning of Wednesday, April 23. |
| 13 | The Parties' Agreed Proposed Voir Dire | THQ submitted draft joint Proposed Voir Dire to UCI on the afternoon of Friday, April 11. The parties were able to reach agreement on its contents at their Wednesday morning, April 23 phone conference. |
| 14 | THQ's Proposed Form of Verdict | Unlike the foregoing submissions, this document was not contemplated by Dkt. #86 to be filed jointly, but this is the logical place to file it. |

Consistent with its resolve to avoid either finger-pointing or self-serving commentary, THQ forbears from further comment regarding the timing of the parties' communications in connection with the development of these documents. THQ must, however, explain some of the substantive reasons why that timing forced THQ to file these documents in this form.

- As noted above, UCI abruptly altered course at 3:44 p.m. the day before the filing deadline set by Dkt. #91, and transmitted extensive redlines (Exhibit 10) to the proposed final jury instructions which were inconsistent with both UCI's previous comments (Exhibit 9) and the agreement between counsel during their 2 ½ hour pretrial conference the morning of Wednesday, April 23 (*see* Exhibit 7).

- As shown, for example, in Exhibit 9 on page 18 and in Exhibit 5 at page 4, UCI attempted at the eleventh hour to inject into this case the notion that something about THQ's alleged conduct was "misleading and deceptive." From its inception, this has been a 15 U.S.C. § 1125(a)(1)(A) "likelihood of confusion" unfair competition case, not

- 4 -

a 15 U.S.C. § 1125(a)(1)(B) federal deceptive advertising case. Cases like *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997), amply demonstrate that § 1125(a)(1)(B) has no place in this case. In any event, THQ told UCI, if UCI intends to try assert a § 1125(a)(1)(B) claim, UCI must draft and propose jury instructions on that claim. UCI never did.

- It is well established that, to assert a common law trade dress infringement claim, a plaintiff must articulate the elements of the alleged trade dress with specificity. *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 768 (6th Cir. 2005); *AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 814-15 & n.6 (7th Cir. 2002); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 117 (2d Cir. 2001); *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997); *Treat Inc. v. Dessert Beauty*, Civil No. 05-923-PK, 2006 WL 2812770, *14 (D. Or. May 5, 2006); *adidas-Salomon AG v. Target Corp.*, 228 F. Supp. 2d 1192, 1200 (D. Or. 2002); *Indonesian Imports, Inc. v. Old Navy, Inc.*, No. C98-2401 FMS, 1999 WL 179680, *3 (N.D. Cal. Mar. 30, 1999). UCI has failed to timely or adequately do so. Given UCI's ongoing failure to clearly articulate its claim for trade dress infringement, THQ cannot determine whether the facts warrant instructing the jury on the claim, much less consider the appropriateness of any particular instruction.

- There is one and only one registered design mark in this case — for a "bat-like" symbol that UCI claims is similar to the "Ultimate Warrior" character's face paint. As shown in Exhibit 2 at page 14, UCI claimed not to understand as much in its latest comments to the draft joint Proposed Pretrial Order.

- As shown in Exhibit 2 at page 11, UCI continued to assert the

- 5 -

existence of non-existent registered marks in the "Ultimate Warrior" character's alleged wrestling moves.

- As shown, for example, in Exhibit 9 at page 18, UCI continued to assert the existence of common law marks without specifying their content, or the scope of goods and services to which those alleged marks supposedly apply. It was not until the day before the filing deadline that UCI first supplied contentions with respect to its purported common law marks.

Issues like these were and are in the critical path for the parties to comply with Dkt. #91 (or Dkt #86). Ultimately, they stifled THQ in its efforts to shepherd the pretrial process through UCI's counsel's scheduling conflicts into a set of documents that could be submitted *both* timely *and* jointly. THQ has done the best it can under the circumstances, at considerable (otherwise unnecessary) burden and expense. THQ therefore respectfully requests that the Court accept, and proceed to trial with, the Proposed Pretrial Order attached as Exhibit 1, the preliminary jury instructions attached as Exhibits 3 and 4, the final jury instructions attached as Exhibits 7 and 8, the description of the case attached as Exhibit 11, the proposed voir dire attached as Exhibit 13, and the verdict forms attached as Exhibit 14.

DATED this 25th day of April, 2008.

SNELL & WILMER L.L.P.

By /s/ Andrew F. Halaby
Patricia Lee Refo
Andrew F. Halaby
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202

IRELL & MANELLA LLP

By /s/ Kara D. McDonald
Steven A. Marenberg *(Pro Hac Vice)*
Kara D. McDonald *(Pro Hac Vice)*
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Attorneys for Defendant THQ Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Daniel D. Maynard
>Jennifer A. Sparks
>MAYNARD CRONIN ERICKSON
>  CURRAN & SPARKS, P.L.C.
>1800 Great American Tower
>3200 North Central Avenue
>Phoenix, Arizona  85012
>Attorneys for Plaintiff

/s/ Marji Bartels