# EXHIBIT 4

# EXHIBIT 4

1  Steven A. Marenberg (Pro Hac Vice)
   Kara D. McDonald (Pro Hac Vice)
2  **IRELL & MANELLA LLP**
   1800 Avenue of the Stars, Suite 900
3  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
4  Facsimile:  (310) 203-7199
   Email:  smarenberg@irell.com
5          kmcdonald@irell.com

6  Patricia Lee Refo (Bar No. 017032)
   Andrew F. Halaby (Bar No. 017251)
7  **SNELL & WILMER L.L.P.**
   One Arizona Center
8  400 E. Van Buren
   Phoenix, Arizona 85004-2202
9  Telephone:  (602) 382-6000
   Facsimile:  (602) 382-6070
10 Email:  prefo@swlaw.com
           ahalaby@swlaw.com
11
   Attorneys for Defendant THQ Inc.
12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>THQ INC., a corporation,<br><br>Defendant. | No.: CV-05-1134-PHX-SMM<br><br>**THQ'S PROPOSED SUPPLEMENTAL PRELIMINARY JURY INSTRUCTIONS** |

Defendant THQ Inc. respectfully submits the following Proposed Supplemental Preliminary Jury Instructions for use in this matter:

    2.    Claims and Defenses

    17.    Preliminary Instruction—Trademark

## 2.  Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that it owns certain trademarks, that its trademarks have been infringed by the defendant, THQ, Inc., and that it has been damaged by the defendant's infringement.  The plaintiff has the burden of proving these claims. The defendant denies that it used or infringed plaintiff's trademarks and that the plaintiff has been damaged.

The defendant also contends that the plaintiff's trademarks are invalid because they lack secondary meaning or have been abandoned, that certain of plaintiff's trademark registrations are void because the registrations were maintained by fraud, and that its alleged use, if any, of the trademarks constitutes fair use and is protected by the First Amendment.  The defendant has the burden of proof on these affirmative defenses.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.2 – *Claims and Defenses* (2007) (modified).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:** _____

**17. Preliminary Instruction—Trademark**

The plaintiff, Ultimate Creations, Inc., seeks damages against the defendant, THQ, Inc., for trademark infringement. The defendant denies infringing the trademark and contends the trademark is invalid. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION OF A TRADEMARK**

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. A trademark, unlike a copyright or patent, does not grant its holder exclusive rights. Whereas a copyright or patent allows the owner to prevent others from using his or her copyrighted or patented item, a trademark only allows the owner to prevent others from using his or her mark in a manner that is likely to confuse consumers as to the source or sponsorship of a good or service.

**HOW A TRADEMARK IS OBTAINED**

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace. Rights in a trademark are obtained only through commercial use of the mark.

**TRADEMARK INTERESTS**

The owner of a trademark may enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

**TRADEMARK REGISTRATION**

Once the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods specified in the certificate.

- 3 -

## THE PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Ultimate Creations, Inc., contends that the defendant, THQ, Inc., has infringed the plaintiff's trademark. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed that trademark.

## THE DEFENDANT'S BURDEN OF PROOF

The defendant contends that certain of plaintiff's trademark registrations are void because the registrations were maintained by fraud and that all of the plaintiff's trademarks have been abandoned. The defendant also contends that its use of the plaintiff's trademarks, if any, constitute fair use is protected by the First Amendment. The defendant has the burden of proving by a preponderance of the evidence that its use of plaintiff's trademarks, if any, is protected artistic use under the First Amendment. The defendant has the burden of proving by clear and convincing evidence that plaintiff's trademark registrations are void for fraud, that plaintiff's trademarks have been abandoned, and that its use, if any, of plaintiff's trademarks constitute fair use.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.0 – *Preliminary Instruction-Trademark* (2007) (modified); 15 U.S.C. 1127; J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 7.24 & 10:39 (4th ed. 1992); *Bosley Med. Inst., Inc. v. Kremer,* 403 F. 3d 672, 679 (9th Cir. 2005); *ETW Corp. v. Jireh Pub., Inc.*, 332 F. 3d 915, 922 (6th Cir 2003); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117-19 (2004); *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp. 2d 1012, 1048 (C.D. Cal. 2006); *Mattel, Inc. v. MCA Records, Inc.*, 296 F. 3d 894, 902 (9th Cir. 2002); *Treat, Inc. v. Dessert Beauty, Inc.*, 2006 WL 2812770, at *3 (D. Or. May 5, 2006).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____