# EXHIBIT 5

# EXHIBIT 5

**From:** Stacey Tanner [mailto:stanner@mmcec.com]
**Sent:** Tuesday, April 22, 2008 3:25 PM
**To:** Halaby, Andy
**Cc:** McDonald, Kara
**Subject:** RE: UCI v. THQ
**Importance:** High

Attached are the redlined Final Preliminary Jury Instructions.  I will be sending the Final Jury Instructions shortly

**From:** Halaby, Andy [mailto:ahalaby@swlaw.com]
**Sent:** Tuesday, April 22, 2008 9:40 AM
**To:** Stacey Tanner
**Cc:** McDonald, Kara; Daniel Maynard
**Subject:** UCI v. THQ

Hi Stacy,

We're eagerly awaiting the jury instructions response that we understood, and told the Court, we'd be getting yesterday.  What's the progress?

Thanks!

Andy



**Andrew F. Halaby**

Snell & Wilmer L.L.P.
One Arizona Center
Phoenix, AZ 85004
602.382.6277

ahalaby@swlaw.com | www.swlaw.com

Steven A. Marenberg (Pro Hac Vice)
Kara D. McDonald (Pro Hac Vice)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: smarenberg@irell.com
          kmcdonald@irell.com

Patricia Lee Refo (Bar No. 017032)
Andrew F. Halaby (Bar No. 017251)
**SNELL & WILMER** L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: prefo@swlaw.com
          ahalaby@swlaw.com

Attorneys for Defendant THQ Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>THQ INC., a corporation,<br><br>                    Defendant. | No.: CV 2005-1134-PHX-SMM<br><br>**PROPOSED PRELIMINARY JURY INSTRUCTIONS** |

          Defendant THQ Inc. respectfully submits the following Proposed Preliminary Jury

Instructions for use in this matter:

    1.     Duty of Jury
    2.     Claims and Defenses
    3.     Burden of Proof—Preponderance of the Evidence
    4.     Burden of Proof—Clear and Convincing Evidence
    5.     What is Evidence
    6.     What is Not Evidence
    7.     Direct and Circumstantial Evidence
    8.     Ruling on Objections

9.      Credibility of Witnesses
10.     Conduct of the Jury
11.     No Transcript Available to Jury
12.     Taking Notes
13.     Questions to Witnesses by Jurors
14.     Bench Conferences and Recesses
15.     Outline of Trial
16.     Expert Opinion
17.     Preliminary Instruction—Trademark

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**1.  Duty of Jury**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.1A – *Duty of Jury (Court Reads and Provides Written Instructions)* (2007).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

- 3 -

**2. Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that it owns certain trademarks, some federally registered and some common law, that its trademarks have been infringed by the defendant, THQ, Inc.  Also, the Plaintiff claims that the Defendant has committed unfair competition through misleading and deceptive uses of its unregistered trademark and/or trade dress.  The Plaintiff claims that it has been damaged by the defendant's infringement.  The plaintiff has the burden of proving these claims.

Deleted: , and

The defendant denies that it used or infringed plaintiff's trademarks and that the plaintiff has been damaged.

The defendant also contends that the plaintiff's trademarks are invalid because they lack secondary meaning or have been abandoned, that certain of plaintiff's trademark registrations are void because the registrations were maintained by fraud, and that its alleged use, if any, of the trademarks constitutes fair use and is protected by the First Amendment.  The defendant has the burden of proof on these affirmative defenses.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS No. 1.2 – *Claims and Defenses* (2007) (modified).

**GIVEN:**    _____

**MODIFIED:** _____

**REFUSED:**   _____

- 4 -

### 3. Burden of Proof—Preponderance of the Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.3 – *Burden of Proof-Preponderance of the Evidence* (2007).

**GIVEN:**      _____

**MODIFIED:** _____

**REFUSED:**    _____

- 5 -

**4. Burden of Proof—Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.4 – *Burden of Proof – Clear and Convincing Evidence* (2007).

**GIVEN:**    _____

**MODIFIED:** _____

**REFUSED:**   _____

**5. What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

    1.    the sworn testimony of any witness;

    2.    the exhibits which are received into evidence; and

    3.    any facts to which the lawyers have agreed.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.6 – *What is Evidence* (2007).

**GIVEN:**     _____

**MODIFIED:** _____

**REFUSED:**   _____

### 6. What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.7 – *What is not Evidence* (2007).

**GIVEN:**    _____

**MODIFIED:** _____

**REFUSED:**  _____

- 8 -

**7.  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**SOURCE:** Ninth Circuit Model Civil Jury Instructions No. 1.9 – *Direct and Circumstantial Evidence* (2007).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

**8.  Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.10 – *Ruling on Objections* (2007).

**GIVEN:**     _____

**MODIFIED:** _____

**REFUSED:**   _____

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**9. Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)      the opportunity and ability of the witness to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case and any bias or prejudice;

(5)      whether other evidence contradicted the witness's testimony;

(6)      the reasonableness of the witness's testimony in light of all the evidence; and

(7)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.11 – *Credibility of Witnesses* (2007).

**GIVEN:**      _____

**MODIFIED:** _____

**REFUSED:**  _____

### 10. Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.


**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.12 – *Conduct of the Jury* (2007).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

- 12 -

**11.  No Transcript Available to Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.


**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.13 – *No Transcript Available to Jury* (2007).

**GIVEN:**   _____

**MODIFIED:** _____

**REFUSED:**  _____

- 13 -

**12. Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.14 – *Taking Notes* (2007).

**GIVEN:**  _____

**MODIFIED:**  _____

**REFUSED:**  _____

- 14 -

**13. Questions to Witnesses by Jurors**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence. By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.15 – *Questions to Witnesses by Jurors* (2007).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

- 15 -

### 14. Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.18 – *Bench Conferences and Recesses* (2007).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

### 15.  Outline of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS No. 1.19 – *Outline of Trial* (2007).

**GIVEN:**  _____

**MODIFIED:**  _____

**REFUSED:**  _____

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

### 16.  Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 2.11 – *Expert Opinion* (2007).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**17.  Preliminary Instruction—Trademark**

The plaintiff, Ultimate Creations, Inc., seeks damages against the defendant, THQ, Inc., for trademark infringement and unfair competition through misleading and deceptive uses of an unregistered trademark or trade dress.  The defendant denies infringing the trademark and committing unfair competition and contends the trademark is invalid.  To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION OF A TRADEMARK**

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods or services.  A trademark, unlike a copyright or patent, does not grant its holder exclusive rights.  Whereas a copyright or patent allows the owner to prevent others from using his or her copyrighted or patented item, a trademark only allows the owner to prevent others from using his or her mark in a manner that is likely to confuse consumers as to the source or sponsorship of a good or service.

**DEFINITION OF TRADE DRESS**

Trade dress involves the total image of a product and may include features such as size, shape, color, color combinations, texture or graphics.

**HOW A TRADEMARK IS OBTAINED**

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace.  Rights in a trademark are obtained only through commercial use of the mark.

**TRADEMARK INTERESTS**

The owner of a trademark may enter into an agreement that permits another person to use the trademark.  This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

**TRADEMARK REGISTRATION**

Once the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United

- 19 -

States Patent and Trademark Office.  Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods specified in the certificate.

**THE PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff, Ultimate Creations, Inc., contends that the defendant, THQ, Inc., has infringed the plaintiff's trademark and has committed unfair competition. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed that trademark; and the Plaintiff has the burden of proving by a preponderance of the evidence that the Defendant committed unfair competition through misleading and deceptive uses of its unregistered trademark or trade dress.

**THE DEFENDANT'S BURDEN OF PROOF**

The defendant contends that certain of plaintiff's trademark registrations are void because the registrations were maintained by fraud and that all of the plaintiff's trademarks have been abandoned.  The defendant also contends that its use of the plaintiff's trademarks, if any, constitute fair use is protected by the First Amendment. The defendant has the burden of proving by a preponderance of the evidence that its use of plaintiff's trademarks, if any, is protected artistic use under the First Amendment.  The defendant has the burden of proving by clear and convincing evidence that plaintiff's trademark registrations are void for fraud, that plaintiff's trademarks have been abandoned, and that its use, if any, of plaintiff's trademarks constitute fair use.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS No. 15.0 – *Preliminary Instruction-Trademark* (2007) (modified); 15 U.S.C. 1127; J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 7.24 & 10:39 (4th ed. 1992); *Bosley Med. Inst., Inc. v. Kremer,* 403 F. 3d 672, 679 (9th Cir. 2005); *ETW Corp. v. Jireh Pub., Inc.*, 332 F. 3d 915, 922 (6th Cir 2003); *KP Permanent Make-Up, Inc. v. Lasting*

Deleted: ¶

Deleted: Plaintif

Deleted: competition

Deleted: .

- 20 -

1   *Impression I, Inc.*, 543 U.S. 111, 117-19 (2004); *E.S.S. Entm't 2000, Inc. v. Rock Star*

2   *Videos, Inc.*, 444 F. Supp. 2d 1012, 1048 (C.D. Cal. 2006); *Mattel, Inc. v. MCA Records,*

3   *Inc.*, 296 F. 3d 894, 902 (9th Cir. 2002); *Treat, Inc. v. Dessert Beauty, Inc.*, 2006 WL

4   2812770, at *3 (D. Or. May 5, 2006); *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135,

5   1144 (9th Cir. 2002).

6   **GIVEN:**   _____

7   **MODIFIED:** _____

8   **REFUSED:**  _____

Formatted: Font: Italic

Formatted: Superscript

Deleted: .

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000