# EXHIBIT 8

# EXHIBIT 8

1  Steven A. Marenberg (Pro Hac Vice)
   Kara D. McDonald (Pro Hac Vice)
2  **IRELL & MANELLA LLP**
   1800 Avenue of the Stars, Suite 900
3  Los Angeles, California 90067-4276
   Telephone: (310) 277-1010
4  Facsimile: (310) 203-7199
   Email: smarenberg@irell.com
5          kmcdonald@irell.com

6  Patricia Lee Refo (Bar No. 017032)
   Andrew F. Halaby (Bar No. 017251)
7  **SNELL & WILMER** L.L.P.
   One Arizona Center
8  400 E. Van Buren
   Phoenix, Arizona 85004-2202
9  Telephone: (602) 382-6000
   Facsimile: (602) 382-6070
10 Email: prefo@swlaw.com
           ahalaby@swlaw.com
11
   Attorneys for Defendant THQ Inc.
12

13               IN THE UNITED STATES DISTRICT COURT

14               FOR THE DISTRICT OF ARIZONA

15
   ULTIMATE CREATIONS, INC., an          No. CV-05-1134-PHX-SMM
16 Arizona corporation,
                                         **THQ'S PROPOSED SUPPLEMENTAL**
17               Plaintiff,              **FINAL JURY INSTRUCTIONS**

18 v.

19 THQ INC., a corporation,

20               Defendant.

21

22      Defendant THQ Inc. respectfully submits the following Proposed Supplemental

23 Final Jury Instructions for use in this matter:

24

25      16.    Introduction

26      16A.   Difference Between Trademark Rights and Other Rights

27      20A.   Use by Consumers

28

- 1 -

# 16.  INTRODUCTION

The plaintiff, Ultimate Creations, Inc., alleges that it owns certain trademarks, that its trademarks have been infringed by the defendant, THQ, Inc., and that it has been damaged by the defendant's infringement.

The defendant denies that it used the plaintiff's alleged trademarks.  The defendant further alleges that the plaintiff's alleged trademarks are invalid because they lack secondary meaning or have been abandoned.  The defendant also alleges that certain of plaintiff's trademark registrations are void because the registrations were maintained by fraud.   The defendant further denies that it infringed the trademarks claimed by the plaintiff because there is no likelihood of confusion and because its use, if any, of the trademarks constitutes fair use and is protected by the First Amendment.  The defendant also denies that the plaintiff has suffered any damage.

**16A  DIFFERENCE BETWEEN TRADEMARK RIGHTS AND OTHER RIGHTS**
**(15 U.S.C. § 1127)**

A trademark, unlike a copyright or patent, does not grant its holder exclusive rights.  Whereas a copyright or patent allows the owner to prevent others from using his or her copyrighted or patented item, a trademark only allows the owner to prevent others from using his or her mark in a manner that is likely to confuse consumers as to the source or sponsorship of a good or service.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.1 – *Definition-Trademark (15 U.S.C. § 1127)* (2007) (modified); 15 U.S.C. 1127; J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 7.24 & 10:39 (4th ed. 1992); *Bosley Med. Inst., Inc. v. Kremer,* 403 F. 3d 672, 679 (9th Cir. 2005); *ETW Corp. v. Jireh Pub., Inc.*, 332 F. 3d 915, 922 (6th Cir 2003).

**GIVEN:**        _____

**MODIFIED:**  _____

**REFUSED:**    _____

Snell & Wilmer
———— L.L.P. ————
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**20A  USE BY CONSUMERS**

You may not find that the defendant infringed any trade mark based on its customers' use of the defendant's product.  The defendant is not obligated to monitor or control the manner in which its customers use its products.  Just as Crayola cannot control the use to which its customers put the crayons that they purchase, the defendant in this case cannot control the use to which its customers put its product.

**SOURCE:**  15 U.S.C.A. § 1114(a); 15 U.S.C. 1125(a); *cf. Mini Maid Services Co. v. Maid Brigade Systems, Inc.*, 967 F. 2d 1516, 1521 (11th Cir. 1992).

**GIVEN:**       _____

**MODIFIED:** _____

**REFUSED:**  _____

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000