# EXHIBIT 9

EXHIBIT 9

**From:** Stacey Tanner [mailto:stanner@mmcec.com]
**Sent:** Tuesday, April 22, 2008 4:21 PM
**To:** Halaby, Andy
**Cc:** McDonald, Kara
**Subject:** RE: UCI v. THQ
**Importance:** High

Attached is the redlined Proposed Final Jury Instructions.  We need to add one more jury instruction at the end, however, I needed to get these off to you and Dan isn't back yet.

Stacey

**From:** Halaby, Andy [mailto:ahalaby@swlaw.com]
**Sent:** Tuesday, April 22, 2008 9:40 AM
**To:** Stacey Tanner
**Cc:** McDonald, Kara; Daniel Maynard
**Subject:** UCI v. THQ

Hi Stacy,

We're eagerly awaiting the jury instructions response that we understood, and told the Court, we'd be getting yesterday.  What's the progress?

Thanks!

Andy



**Andrew F. Halaby**

Snell & Wilmer L.L.P.
One Arizona Center
Phoenix, AZ 85004
602.382.6277

ahalaby@swlaw.com | www.swlaw.com

Steven A. Marenberg (Pro Hac Vice)
Kara D. McDonald (Pro Hac Vice)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
Email:  smarenberg@irell.com
         kmcdonald@irell.com

Patricia Lee Refo (Bar No. 017032)
Andrew F. Halaby (Bar No. 017251)
**SNELL & WILMER** L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone:  (602) 382-6000
Facsimile:  (602) 382-6070
Email:  prefo@swlaw.com
         ahalaby@swlaw.com

Attorneys for Defendant THQ Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation, | No.:  CV 2005-1134-PHX-SMM |
| Plaintiff, | **PROPOSED FINAL JURY INSTRUCTIONS** |
| v. | |
| THQ INC., a corporation, | |
| Defendant. | |

Defendant THQ Inc. respectfully submits the following Proposed Final Jury

Instructions for use in this matter:

1.     Duty of Jury
2.     Burden of Proof—Preponderance of the Evidence
3.     Burden f Proof—Clear and Convincing Evidence
4.     What is Evidence
5.     What is not Evidence
6.     Evidence for Limited Purpose
7.     Direct and Circumstantial Evidence

8.    Credibility of Witnesses
9.    Bench Conferences and Recesses
10.   Stipulations of Fact
11.   Judicial Notice
12.   Charts and Summaries not Received in Evidence
13.   Duty to Deliberate
14.   Communication with Court
15.   Return of Verdict
16.   Introduction
17.   Definition—Trademark (15 U.S.C. § 1127)
18.   Ornamental Designs as Trademarks
19.   Images or Likenesses of People as Trademarks
20.   Use by Defendant Required
21.   Infringement—Elements and Burden of Proof—Trademark (15 U.S.C. § 1114(1))
22.   Infringement—Elements—Presumed Validity and Ownership—Registered Trademark (15 U.S.C. §§ 1057, 1065 And 1115)
23.   Infringement—Elements—Presumed Validity and Ownership—Registered Trademark (15 U.S.C. §§ 1057, 1065 And 1115)
24.   Infringement—Elements—Validity—Unregistered Marks
25.   Infringement—Elements—Validity—Unregistered Marks—Distinctiveness Strength as a Likelihood of Confusion Factor
26.   Infringement—Elements—Validity—Distinctiveness—Secondary Meaning
27.   Infringement—Likelihood of Confusion—Factors—*Sleekcraft* Test (15 U.S.C. §§ 1114(1) and 1125(A))
28.   Defenses—Abandonment—Affirmative Defense (15 U.S.C. § 1127)
29.   Defenses—Fraud on the Patent and Trademark Office
30.   Defenses—"Classic" Fair Use (15 U.S.C. § 1115(B)(4))
31.   Defenses—Protected Artistic Use
32.   Trademark Damages—Burden of Proving Damages(15 U.S.C. §§ 1111, 1114, and 1117)
33.   Trademark Damages—Plaintiff's Actual Damages (15 U.S.C. § 1117(A))

**1. DUTY OF JURY**

**(Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.1C – *Duty of Jury (Court Reads and Provides Written Instructions at End of Case)* (2007).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

- 3 -

**2. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.3 – *Burden of Proof – Preponderance of the Evidence* (2007).

**GIVEN:**  _____

**MODIFIED:**  _____

**REFUSED:**  _____

### 3. BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.


**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.4 – *Burden of Proof – Clear and Convincing Evidence* (2007).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**4.  WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.6 – *What Is Evidence* (2007).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

## 5.  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  [In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.]

(4)      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.7 – *What Is Not Evidence* (2007).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

**6.  EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of _____ and for no other purpose.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.8 – *Evidence for Limited Purpose* (2007).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

- 8 -

## 7. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.9 – *Direct and Circumstantial Evidence* (2007).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

- 9 -

**8. CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.11 – *Credibility of Witnesses* (2007).

**GIVEN:**    _____

**MODIFIED:** _____

**REFUSED:**  _____

- 10 -

## 9.  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.


**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 1.18 – *Bench Conferences and Recesses* (2007).

**GIVEN:**   _____

**MODIFIED:** _____

**REFUSED:**   _____

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**10.  STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as Exhibit ___. You should treat these facts as having been proved.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 2.2 – *Stipulations of Fact* (2007).

**GIVEN:**  _____

**MODIFIED:**  _____

**REFUSED:**  _____

1

**11.  JUDICIAL NOTICE**

2       The court has decided to accept as proved the fact that _____, even

3  though no evidence has been introduced on the subject.  You must accept this fact as true.

4

5  **SOURCE:**  Ninth Circuit Model Civil Jury Instructions No. 2.3 – *Judicial Notice*

6  (2007).

7  **GIVEN:**    _____

8  **MODIFIED:** _____

9  **REFUSED:**   _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**12. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 2.12 – *Charts and Summaries Not Received in Evidence* (2007).

**GIVEN:**   _____

**MODIFIED:** _____

**REFUSED:**  _____

Snell & Wilmer
— L.L.P —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**13.  DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**SOURCE:**  Ninth Circuit Model Civil Jury Instructions No. 3.1 – *Duty to Deliberate* (2007).

**GIVEN:**      _____

**MODIFIED:** _____

**REFUSED:**  _____

- 15 -

## 14.  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 3.2 – *Communication With Court* (2007).

**GIVEN:**  _____

**MODIFIED:**  _____

**REFUSED:**  _____

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

### 15.  RETURN OF VERDICT

Verdict forms have been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and (through your presiding jury) advise the bailiff that you are ready to return to the courtroom with your verdict.

**SOURCE:**  Ninth Circuit Model Civil Jury Instructions No. 3.3 – *Return of Verdict* (2007) (modified).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

- 17 -

1

**16.  INTRODUCTION**

2

   The plaintiff, Ultimate Creations, Inc., alleges that it owns certain trademarks,

3

some federally registered and some common law, that its trademarks have been infringed

4

by the defendant, THQ, Inc.  Also, the Plaintiff claims that the Defendant has committed

5

unfair competition through misleading and deceptive uses of its unregistered trademark

6

and/or trade dress.  The Plaintiff claims that it has been damaged by the defendant's

7

infringement.

8

   The defendant denies that it used the plaintiff's alleged trademarks.  The defendant

9

further alleges that the plaintiff's alleged trademarks are invalid because they lack

10

secondary meaning or have been abandoned.  The defendant also alleges that certain of

11

plaintiff's trademark registrations are void because the registrations were maintained by

12

fraud.   The defendant further denies that it infringed the trademarks claimed by the

13

plaintiff because there is no likelihood of confusion and because its use, if any, of the

14

trademarks constitutes fair use and is protected by the First Amendment.  The defendant

15

also denies that the plaintiff has suffered any damage.

16

17

18

19

20

21

22

23

24

25

26

27

28

| Deleted: , and |
| --- |

**17.  DEFINITION—TRADEMARK**

**(15 U.S.C. § 1127)**

A trademark allows the owner to prevent others from using his or her mark in a manner that is likely to confuse consumers as to the source or sponsorship of a good or service.  A trademark is any word, name, symbol, or device used by a person to identify and distinguish that person's goods or services from those of others and to indicate the source of the goods or services.  A word, symbol, or device will qualify as a protectable mark only if it performs the job of identification, that is, it identifies one source of particular goods and services and distinguishes it from another source.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.1 – *Definition-Trademark (15 U.S.C. § 1127)* (2007) (modified); 15 U.S.C. 1127; J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 7.24 & 10:39 (4th ed. 1992); *Bosley Med. Inst., Inc. v. Kremer,* 403 F. 3d 672, 679 (9th Cir. 2005); *ETW Corp. v. Jireh Pub., Inc.*, 332 F. 3d 915, 922 (6th Cir 2003).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

**Deleted:** A trademark, unlike a copyright or patent, does not grant its holder exclusive rights.  Whereas a copyright or patent allows the owner to prevent others from using his or her copyrighted or patented item, a

**Deleted:** only

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

- 19 -

## 18.  ORNAMENTAL DESIGNS AS TRADEMARKS

While a design may serve as a trademark, if customers perceive a design only as ornamentation, then the design is not a trademark.  If customers perceive a design as not only attractive but also as indication of source, then the design can serve as a trademark.

**SOURCE:**  J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 7.24 (4th ed. 1992); *ETW Corp. v. Jireh Pub., Inc.*, 332 F. 3d 915, 922 (6th Cir 2003).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

- 20 -

**19.  IMAGES OR LIKENESSES OF PEOPLE AS TRADEMARKS**

As a general rule, a person's image or likeness cannot function as a trademark. However, a particular image that is consistently used on specific goods or in connection with services to indicate the source of the goods may qualify as a protectable mark.

**SOURCE:**  J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 10:39 (4th ed. 1992); *ETW Corp. v. Jireh Pub., Inc.*, 332 F. 3d 915, 922 (6th Cir 2003).

**GIVEN:**  _____

**MODIFIED:**  _____

**REFUSED:**  _____

**Deleted:** While a design may serve as a trademark, if customers perceive a design only as ornamentation, then the design is not a trademark.  If customers perceive a design as not only attractive but also as indication of source, then the design can serve as a trademark.¶

- 21 -

**20.  USE BY DEFENDANT REQUIRED**

In order to find that the defendant infringed any of plaintiff's alleged trade marks, you must first find that the defendant itself used the trade marks in question.

**SOURCE:**  15 U.S.C.A. § 1114(a); 15 U.S.C. 1125(a); *Mini Maid Services Co. v. Maid Brigade Systems, Inc.*, 967 F. 2d 1516, 1521 (11th Cir. 1992); *U-Haul International, Inc. v. WhenU.com*, 279 F. Supp. 2d 723, 727 (E.D. Va. 2003).

**GIVEN:**         _____

**MODIFIED:**  _____

**REFUSED:**     _____

**Deleted:** The defendant is not obligated to monitor or control the manner in which its customers use its products.  Just as Crayola cannot control the use to which its customers put the crayons that they purchase, the defendant in this case cannot control the use to which its customers put its product.  Accordingly, you may not find that the defendant infringed any trade mark based on its customers' use of the defendant's product.¶

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

## 21. INFRINGEMENT—ELEMENTS AND
## BURDEN OF PROOF—TRADEMARK
### (15 U.S.C. § 1114(1))

The plaintiff alleges that the defendant has infringed the plaintiff's trademarks. For each of the trademarks claimed by the plaintiff, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence that:

1. The mark is a valid protectable trademark used in connection with the sale of goods or services;

2. the plaintiff owns the mark as a trademark;

3. the defendant used the mark;

4. the defendant's use was without the consent of the plaintiff;

5. the defendant used the mark in a manner that is likely to cause confusion among ordinary purchasers as to the source of the defendant's goods; and

6. the plaintiff was damaged by the defendant's use of the mark.

This analysis must be performed separately for each alleged trademark claimed by the plaintiff to be infringed. If you find that the plaintiff has proved each of these elements for a particular trademark by a preponderance of the evidence, your verdict should be for the plaintiff on that trademark, subject to any defenses that the defendant may prove. If, on the other hand, the plaintiff has failed to prove any of these elements for a particular trademark, your verdict should be for the defendant on that trademark.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.5 – *Infringement-Elements and Burden of Proof-Trademark (15 U.S.C. § 1114(1))* (2007) (modified); *New Kids on the Block v. News America Publishing, Inc.*, 971 F. 2d 302, 307 (9th Cir. 1992); *Lockheed Martin Corp. v. Network Soln's, Inc.*, 985 F. Supp. 949, 958 (C.D. Cal. 1997), *aff'd*, 194 F. 3d 980 (9th Cir. 1999); *Interactive Prods. Corp. v. a2z Mobile Office Sol'ns*, 326 F. 3d 687, 698 (6th Cir. 2003).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

- 23 -

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**22.  INFRINGEMENT—ELEMENTS—PRESUMED**

**VALIDITY AND OWNERSHIP—REGISTERED**

**TRADEMARK (15 U.S.C. §§ 1057, 1065 and 1115)**

I have given you instruction number 21, which requires the plaintiff to prove by a preponderance of the evidence that the trademarks claimed by plaintiff are valid and protectable.  A valid trademark is a word, name, or symbol that indicates the source of goods and services and distinguishes those goods and services from the goods and services of others.  A trademark can become protectable only after it is used in commerce.

It is the plaintiff's burden to prove by a preponderance of the evidence that each of its asserted trademarks is valid.  To do this, the plaintiff may produce evidence that the asserted mark is "distinctive" with respect to particular goods or services, or evidence that the mark is registered with the Patent and Trademark Office with respect to particular goods or services.  Registration of a mark creates a rebuttable presumption that the mark is valid.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.7 – *Infringement-Elements-Presumed Validity and Ownership-Registered Trademark (15 U.S.C. §§ 1057, 1065 and 1115)* (2007) (modified).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

- 24 -

**23.  INFRINGEMENT—ELEMENTS—PRESUMED**

**VALIDITY AND OWNERSHIP—REGISTERED**

**TRADEMARK (15 U.S.C. §§ 1057, 1065 and 1115)**

One way for the plaintiff to prove trademark validity is to show that the trademark is registered.  An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity of the mark and of the owner's exclusive right to use the mark on the particular goods and services specified in the registration.

The plaintiff submitted certificates of registration from the United States Patent and Trademark Office as evidence of the validity of some of the trademarks claimed by the plaintiff.

Exhibit __ is a certificate of registration (1,625,919) for the mark "Ultimate Warrior" for use in connection with posters, ornamental novelty buttons, textile wall hangings, t-shirts and wristbands, and entertainment services, namely, arranging and conducting professional wrestling oriented events and live personal appearances by a professional wrestler;

Exhibit __ is a certificate of registration (1,708,155) for the mark "Warrior" for use in connection with posters.

Exhibit __is a certificate of registration (1,818,813) for the mark "Ultimate Warrior" in connection with videocassettes, video/audio cassettes and cinematographic films featuring professional wrestling; audio cassettes, compact discs, laser discs, and phonograph records featuring musical performances;

Exhibit __ is a certificate of registration (1,838,771) for the mark "Ultimate Warrior" for use in connection with toys and sporting goods; namely, plaster molding sets, kites, baseball gloves, flying disks, wrestling gear kits consisting of wrestling belts, wrestling masks, and costumes, jigsaw puzzles, board games, marbles, headshaped water-squirt toys, teddy bears, dolls, electronic computer games, handheld games; namely handheld pinball and electronic videogames and electronic sports games and action

- 25 -

figures;

Exhibit _ is a certificate of registration (2,299,387) for the mark "Warrior" for use in connection with sports entertainment services in the nature of professional wrestling contests; and

Exhibit __ is a certificate of registration (2,345,959) for a design mark (the "Design") for use in connection with entertainment services, namely television programming in the nature of live and animated adventures for children.

For each certification of registration, unless the defendant proves by a preponderance of the evidence that the registration was obtained or maintained by fraud, or that the registered trademark has been abandoned, you should presume the trademark to be valid.  However, if the defendant shows that the registration was obtained or maintained by fraud, or that the registered mark was abandoned, then the certificate does not establish that the trademark is valid.  You should then consider all of the evidence submitted in this case, in determining whether the plaintiff has shown by a preponderance of the evidence that the trademark is valid, as I explain in instruction 24.

**Deleted:** The defendant alleges that the certificates cannot be considered proof of validity of any trademark claimed by the plaintiff because the registrations were obtained or maintained by fraud or because the registered marks have been abandoned.  I will instruct you on these issues later. ¶

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.7 – *Infringement-Elements-Presumed Validity and Ownership-Registered Trademark (15 U.S.C. §§ 1057, 1065 and 1115)* (2007) (modified); 15 U.S.C. § 1057(b); 15 U.S.C. § 1115(a); *Applied Info. Sci., Corp. v. eBay, Inc.*, 511 F.3d 966, 970-71 (9th Cir. 2007); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F. 2d 1352, 1354–55 (9th Cir.1985).

**GIVEN:**  _____

**MODIFIED:**  _____

**REFUSED:**  _____

### 24. INFRINGEMENT—ELEMENTS—VALIDITY—
### UNREGISTERED MARKS

A plaintiff may also prove that a trademark is valid by producing evidence that the mark has been used in commerce in connection with goods or services and that the mark

is "distinctive" with respect to those goods or services.

A distinctive trademark is a word or symbol that is either:

1.    inherently distinctive; or

2.    descriptive or ornamental, but has acquired a secondary meaning.

Only if you determine that a trademark claimed by the plaintiff is not inherently distinctive should you consider whether it is descriptive but became distinctive through the development of secondary meaning, as I will direct in Instruction 26.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.8 – *Infringement-Elements-Validity-Unregistered Marks* (2007) (modified); J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 7.2 (4th ed. 1992).

**GIVEN:**    _____

**MODIFIED:** _____

**REFUSED:**  _____

**25. INFRINGEMENT—ELEMENTS—VALIDITY—**

**UNREGISTERED MARKS—DISTINCTIVENESS**

**Strength as a Likelihood of Confusion Factor**

How distinctively a trademark indicates that a good or service comes from a particular source is an important factor to consider in assessing its validity and, as I will instruct you later, for determining whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiff's trademark.

The plaintiff asserts that the word "WARRIOR," the words "ULTIMATE WARRIOR," and the Design are valid and protectable trademarks for its [plaintiff to identify]. In order to determine whether the plaintiff has met its burden to show that each of the alleged trademarks is valid, you should classify it on the spectrum of trademark distinctiveness that I will explain in this instruction.

An inherently distinctive trademark is a word, symbol or device, or combination of them, which intrinsically identifies a particular source of a good in the market. The law assumes that an inherently distinctive trademark is one that almost automatically tells a consumer that it refers to a brand or a source for a product, and that consumers will be predisposed to equate the trademark with the source of a product.

**Spectrum of Marks**

Trademark law provides the greatest protection to strong trademarks. Conversely, trademarks that are not as strong are called "weak" trademarks and receive less protection from infringing uses. Trademarks that are not distinctive are not entitled to any trademark protection. For deciding trademark protectability, you must consider whether a trademark is inherently distinctive. Trademarks are grouped into four categories according to their relative strength. These four categories are, in order of strength: arbitrary (which is inherently distinctive), suggestive (which also is inherently distinctive), descriptive (which is protected only if it acquires in consumers' minds a "secondary meaning" which I explain in Instruction 26, and generic trademarks (which are entitled to no protection). In deciding where each trademark falls on the spectrum of

marks, you should consider each mark as it relates to the goods and services on which the mark is allegedly used.

**Arbitrary Trademarks.** The first category is "inherently distinctive" trademarks. They are considered strong marks and are clearly protectable. They involve the arbitrary, fanciful or fictitious use of a word to designate the source of a product or service. Such a trademark is a word that in no way describes or has any relevance to the particular product or service it is meant to identify. It may be a common word used in an unfamiliar way. It may be a newly created (coined) word or parts of common words which are applied in a fanciful, fictitious or unfamiliar way, solely as a trademark.

For instance, the common word "apple" became a strong and inherently distinctive trademark when used by a company to identify the personal computers that company sold. The company's use of the word "apple" was arbitrary or fanciful because "apple" did not describe and was not related to what the computer was, its components, ingredients, quality, or characteristics. "Apple" was being used in an arbitrary way to designate for consumers that the computer comes from a particular manufacturer or source.

**Suggestive Trademarks.** The next category of marks is suggestive trademarks. These trademarks are also inherently distinctive but are considered weaker than arbitrary trademarks. Unlike arbitrary trademarks, which are in no way related to what the product or service is or its components, quality, or characteristics, suggestive trademarks imply some characteristic or quality of the products or services to which they are attached. If the consumer must use imagination or any type of multi-stage reasoning to understand the trademark's significance, then the trademark does not describe the product's features, but suggests them.

A suggestive use of a word involves consumers associating the qualities the word suggests to the product or services to which the word is attached. For example, when "apple" is used not to indicate a certain company's computers, but rather "Apple-A-Day" Vitamins, it is being used as a suggestive trademark. "Apple" does not describe what the

vitamins are.  However, consumers may come to associate the healthfulness of "an apple a day keeping the doctor away" with the supposed benefits of taking "Apple-A-Day" Vitamins.

**Descriptive Trademarks.**  The third category of marks is descriptive trademarks.  These trademarks identify or describe some aspect, characteristic, or quality of the product or services to which they are affixed in a straightforward way that requires no exercise of imagination to be understood.  The need of others in the marketplace to use a mark to describe their goods or services suggests that the mark is descriptive.

For instance, the word "apple" is descriptive when used in the trademark "CranApple" to designate a cranberry-apple juice.  It directly describes ingredients of the juice.  Other common types of descriptive trademarks identify where a product or services come from, or the name of the person who makes or sells the product or services.  Thus, the words "Apple Valley Juice" affixed to cider from the California town of Apple Valley is a descriptive trademark because it geographically describes where the cider comes from.  Similarly, a descriptive trademark can be the personal name of the person who makes or sells the product.  So, if a farmer in Apple Valley, Judy Brown, sold her cider under the label "Judy's Juice" (rather than CranApple) she is making a descriptive use of her personal name to indicate and describe who produced the apple cider and she is using her first name as a descriptive trademark.

Marks that merely allege the merit of a product or service ("laudatory marks") are also regarded as being descriptive.  "Best, "Premier," and "Ultimate" are examples of laudatory marks.

**Generic Trademarks.**  The term "generic trademark" is a misnomer, as generic terms are entitled to no protection at all.  They are called generic trademarks and they give the general name of the product or services of the plaintiff.  They are part of our common language which we need to identify all such similar products or services.  They are the common name for the product or services to which they are affixed.  It is the general name for which the particular product or service is an example.

It is generic if the term answers the question "what is the product or service being sold?" If the average consumer would identify the term with all such similar products or services, regardless of the provider, the term is generic and not entitled to protection as a trademark.

Clearly, the word apple can be used in a generic way and not be entitled to any trademark protection. This occurs when the word is used to identify the fleshy, red fruit from any apple tree.

The computer maker who uses that same word to identify the personal computer, or the vitamin maker who uses that word on vitamins, has no claim for trademark infringement against the grocer who used that same word to indicate the fruit sold in a store. As used by the grocer, the word is generic and does not indicate any particular source of the product. As applied to the fruit, "apple" is simply the common name for what is being sold.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.9 *Infringement— Elements—Validity—Unregistered Marks—Distinctiveness* (2007) (modified); *Entrepreneur Media, Inc. v. Smith*, 279 F. 3d 1135, 1143-44 (9th Cir. 2002); Restatement (Third) of Unfair Competition § 13; *Yarmuth Dion, Inc. v. D'ion Furs, Inc.*, 835 F. 2d 990, 993 (2d 1987); *In re The Boston Beer Co.*, 198 F. 3d 1370, 1375 (Fed. Cir. 1999); *In re Nett Designs*, 236 F. 3d 1339, 1342 (Fed. Cir. 2001); *In re Best Software, Inc.*, 58 U.S.P.Q.2d 1314, 2001 LEXIS 97, *3-4 (T.T.A.B. 2001).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

- 31 -

**26.  INFRINGEMENT—ELEMENTS—VALIDITY—**

**DISTINCTIVENESS—SECONDARY**

**MEANING**

If you determined in Instruction 25 that any of the plaintiff's alleged marks are descriptive, you must consider the recognition that the mark has among prospective purchasers.  This market recognition is called the trademark's "secondary meaning." "Secondary meaning refers to a mark's actual ability to trigger in consumers' minds a link between a product or service and the source of that product or service."

A word or symbol acquires a secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective purchasers is not the product itself, but the identification of the product with a single source, regardless of whether consumers know who or what that source is.  You must find that the preponderance of the evidence shows that a significant number of the consuming public associates the word or symbol with a single source, in order to find that it has acquired secondary meaning.  If the descriptive mark is especially weak, the plaintiff must make a strong showing of secondary meaning.

You may consider the following factors or others, in determining whether a word or symbol has acquired a secondary meaning:

1.   Purchaser Perception.  Whether the people who purchase the product or service that bears the claimed trademark associate the trademark with the plaintiff;

2.   Advertisement.  To what degree and in what manner the plaintiff may have advertised under the claimed trademark;

3.   Demonstrated Utility.  Whether the plaintiff successfully used the claimed trademark to increase the sales of its product or services;

4.   Extent of Use.  The length of time and manner in which the plaintiff used the claimed trademark;

5.   Exclusivity.  Whether the plaintiff's use of the claimed trademark was exclusive;

6.   Copying.  Whether the defendant intentionally copied the plaintiff's trademark; and

7.   Actual Confusion.  Whether the defendant's use of the plaintiff's trademark has led to actual confusion.

- 32 -

Descriptive marks are protectable only to the extent you find they acquired distinctiveness through secondary meaning by the public coming to associate the mark with a particular source.  Descriptive marks are entitled to protection only as broad as the secondary meaning they have acquired, if any.  If they have acquired no secondary meaning, they are entitled to no protection and cannot be considered a valid mark.

The plaintiff has the burden of proving that the alleged trademark has acquired a secondary meaning.

The mere fact that the plaintiff is using a word or symbol, or that the plaintiff began using it before the defendant, does not mean that the trademark has acquired secondary meaning.  There is no particular length of time that a trademark must be used before it acquires a secondary meaning.

**SOURCE:**  Ninth Circuit Model Civil Jury Instructions No. 15.10 *Infringement— Elements—Validity—Secondary Meaning* (2007) (modified); *Maljack Productions v. Goodtimes Home Video Corp.*, 81 F. 3d 881, 887 (9th Cir. 1996); *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F. 3d 1088, 1095–96 (9th Cir. 2004); *Japan Telecom, Inc. v. Japan Telecom America Inc.*, 287 F. 3d 866, 873 (9th Cir. 2002).

**GIVEN:**      _____

**MODIFIED:** _____

**REFUSED:**  _____

**27.  INFRINGEMENT—LIKELIHOOD OF**

**CONFUSION—FACTORS—*SLEEKCRAFT* TEST**

**(15 U.S.C. §§ 1114(1) AND 1125(a))**

The core element of trademark infringement is whether the defendant's alleged use of the mark creates a likelihood that the consuming public will be confused as to who makes what product.  You must consider whether the defendant's alleged use of the plaintiff's claimed trademarks is likely to cause confusion among an appreciable number of reasonably prudent consumers in the marketplace as to the origin of the goods or services bearing the mark.  You should analyze each trademark claimed by the plaintiff separately.

I will suggest some factors you should consider in deciding this.  The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this.  As you consider the likelihood of confusion you should examine the following:

1.   Strength or Weakness of the Plaintiff's Alleged Trademark.  The more the consuming public recognizes the plaintiff's trademark as an indication of origin of the plaintiff's goods or services, the more likely it is that consumers would be confused about the source of the defendant's goods if the defendant uses a similar mark.  For each mark, you should consider whether the mark has acquired secondary meaning in connection with the goods at issue in this action, namely videogames.   You should consider Instructions 25 and 26 in connection with this factor.  If you determine that the mark or does not have secondary meaning for videogames, it is less likely that consumers will be confused.

2.   Overlap of Goods or Services.  If the defendant and plaintiff offer the same, related, or complementary kinds of goods or services there may be a greater likelihood of confusion about the source of the goods or services than otherwise.

3.   Similarity of Plaintiff's and Defendant's Marks.  If the overall impression created by the plaintiff's alleged trademark in the marketplace is similar to that created by the defendant's alleged use, there is a greater chance of likelihood of confusion.  In determining the similarity of the marks at issue, you should consider the marks in their entirety as they appear in the marketplace.  For registered trademarks, you should only consider the plaintiff's use of its alleged mark in connection with the goods or services

listed in the certificate of registration.

4.     Actual Confusion.  If the defendant's alleged use of the plaintiff's alleged trademark has led to instances of actual confusion about the source of the defendant's goods, this strongly suggests a likelihood of confusion. However, actual confusion is not required for a finding of likelihood of confusion.  Even if actual confusion did not occur, the defendant's conduct may still be likely to cause confusion.  As you consider whether the defendant's conduct creates for consumers a likelihood of confusion with the plaintiff's trademark, you should weigh any instances of actual confusion against the opportunities for such confusion.  If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion.  If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion, you may find that there has not been substantial actual confusion.

5.     Defendant's Intent.  The intent factor considers whether the defendant used the plaintiff's alleged mark with the intention of capitalizing on the plaintiff's reputation and good will and any confusion between the defendant's and the plaintiff's products.

6.     Marketing/Advertising Channels.  If the plaintiff's and the defendant's goods and services are likely to be sold in the same or similar stores or outlets, or advertised in similar media, confusion may be more likely.  For registered trademarks, you should only consider the stores or outlets in which the plaintiff sells, or the media in which the plaintiff advertises, the goods and services listed in the certificate of registration.

7.     Purchaser's Degree of Care.  The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be.  As a result, they may be less likely to be confused.

8.     Product Line Expansion.  When the parties' products differ, you may consider how likely the plaintiff is to begin selling the products for which the defendant allegedly is using the plaintiff's trademark.  If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion.

**SOURCE:**  Ninth Circuit Model Civil Jury Instructions No. 15.16 *Infringement— Likelihood of Confusion—Factors—Sleekcraft Test (15 U..S.C. §§ 1114(1) and 1125(a))* (2007) (modified); E*ntrepreneur Media, Inc. v.  Smith*, 279 F.3d 1135, 1143-44 (9th Cir. 2002); *PostX Corp. v. docSpace*, Inc., 80 F. Supp. 2d 1056, 1063 (N.D. Cal. 1999); *Nova Wines, Inc. v. Adler Fels Winery LLC*, 467 F. Supp. 2d 965, 982 (N.D. Cal. 2006); *Applied Info. Sci., Corp. v. eBay, Inc.*, 511 F. 3d 966, 970-71 (9th Cir. 2007); 15 U.S.C.

§ 1057(b); 15 U.S.C. § 1115(a); J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 23.1 & 23.2 (4th ed. 1992).

**GIVEN:**        _____

**MODIFIED:** _____

**REFUSED:**    _____

**28.  DEFENSES-ABANDONMENT-AFFIRMATIVE DEFENSE**

**(15 U.S.C. § 1127)**

The owner of a trademark cannot exclude others from using it if the trademark has been abandoned.

The defendant contends that the plaintiff's alleged trademarks have become unenforceable because the plaintiff abandoned them.  The defendant has the burden of proving abandonment by clear and convincing evidence.

The owner of a trademark abandons the right to exclusive use of the trademark when the owner:

    1.    discontinues its use in the ordinary course of trade, intending not to resume using it;

    2.    acts or fails to act so that the trademark's primary significance to prospective purchasers has become the product or service itself and not the source of the product; or

    3.    fails to exercise adequate quality control over the products or services sold under the trademark by a licensee.

"Use" of a trademark means the bona fide use of that trademark made in the ordinary course of trade, and not merely to reserve a right in the trademark.  You may infer an intent not to resume use of the trademark from all the circumstances.  If you find nonuse of a trademark for three consecutive years, then the plaintiff must prove by a preponderance of the evidence that the circumstances do not justify inferring an intent not to resume use.  But you need not find three consecutive years of nonuse to find an intent not to resume use.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.20 *Defenses—Abandonment—Affirmative Defense—Defendant's Burden of Proof (15 U..S.C. § 1127)* (2007) (modified); *Exxon Corp. v. Humble Exploration Co*., 695 F. 2d 96, 99 (5th Cir. 1983).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

- 37 -

Snell & Wilmer

L.L.P.

LAW OFFICES

One Arizona Center, 400 E. Van Buren

Phoenix, Arizona 85004-2202

(602) 382-6000

**29. DEFENSES—FRAUD ON THE PATENT AND TRADEMARK OFFICE**

The defendant contends that the plaintiff committed fraud on the United States Patent and Trademark Office in obtaining or maintaining some of the plaintiff's certificates of registration. The plaintiff committed fraud if:

1.   the plaintiff made a false statement in connection with the application for or maintenance of a trademark registration;

2.   the statement was false;

3.   the statement was material to the application, renewal, or other filing; and

4.   the plaintiff knew or should have known the statement was false.

In order to be registered, a mark must actually be used in commerce in connection with goods or services. A false statement as to goods or services on which a trademark is being used, or regarding other conditions on which trademark registration, renewal or other status depends, is material.

As used in this instruction, the term plaintiff includes not only the plaintiff in this case, Ultimate Creations, Inc., but also any previous owner or assignor of the certificate of registration and any agent acting on behalf of the plaintiff.

If you find by clear and convincing evidence that the plaintiff committed fraud in connection with obtaining or maintaining any certificate of registration, you must find in the defendant's favor on the plaintiff's claim of infringing that registered mark.

**SOURCE:**  *Medinol Ltd. v. Neuro Vasx, Inc.*, 67 U.S.P.Q.2d 1205, 2003 WL 21189780, at *5 (T.T.A.B. 2003); *Prince Lionheart, Inc. v. Halo Innovations, Inc.*, 2007 WL 1346578, at *3 (D. Colo. May 7, 2007); *Treat, Inc. v. Dessert Beauty, Inc.*, 2006 WL 2812770, at *3, (D. Or. May 5, 2006).

**GIVEN:**  _____

**MODIFIED:** _____

**REFUSED:**  _____

- 38 -

**30.  DEFENSES—"CLASSIC" FAIR USE**

**(15 U.S.C. § 1115(b)(4))**

Trademark law does not allow a trademark owner to appropriate a term for his own exclusive use.  Instead, the law allows the use of a term alleged to be a mark in its primary and descriptive sense rather than as a trademark.  Such use is called "classic fair use."

To prove classic fair use of a trademark, the defendant must prove that it

1.    used the mark in its primary, descriptive sense rather than to indicate the source of the defendant's goods or services;

2.    used the mark fairly and in good faith; and

3.    used the mark only to describe the defendant's own product or service or an element of its product or those service.

The defendant has the burden of proving classic fair use by clear and convincing evidence.  If you find that the defendant's use of the a particular trademark to be classic fair use, you must find in favor of the defendant for that trademark, even if you find that the defendant's use creates a likelihood of confusion.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.22 *Defenses— "Classic" Fair Use (15 U.S.C. § 1115(b)(4))* (2007) (modified); 15 U.S.C. 1115(b)(4); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121-22 (2004).

**GIVEN:**    _____

**MODIFIED:** _____

**REFUSED:**  _____

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**31.  DEFENSES—PROTECTED ARTISTIC USE**

The defendant contends that its alleged use of the plaintiff's alleged trademarks is protected by the First Amendment to the United States Constitution.

The defendant's use is protected by the First Amendment if it

1.    bears some artistic relevance to the defendant's games; and

2.    does not explicitly mislead consumers as to the source or content of the games.

If you find that defendant's use is protected by the First Amendment, then you must find in defendant's favor on plaintiff's claims.

**SOURCE:**  *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp. 2d 1012, 1048 (C.D. Cal. 2006); *Mattel, Inc. v. MCA Records, Inc.*, 296 F. 3d 894, 902 (9th Cir. 2002); *see also Rogers v. Grimaldi*, 875 F. 2d 994, 999 (2d Cir. 1989).

**GIVEN:**    _____

**MODIFIED:**  _____

**REFUSED:**   _____

- 40 --

### 32.  TRADEMARK DAMAGES—BURDEN OF PROVING DAMAGES
### (15 U.S.C. §§ 1111, 1114,  and 1117)

If you find that the defendant has infringed any of plaintiff's trademarks, you then must consider whether plaintiff is entitled to any monetary relief (also known as "damages") for infringement of that trademark and, if the plaintiff is entitled to any damages, what amount is appropriate to compensate the plaintiff.

The plaintiff bears the burden of proving by a preponderance of the evidence that it is entitled to an award of damages.  In order to recover damages, the plaintiff must prove that it was actually injured, and that its injury resulted from the infringement.  The plaintiff must prove that this injury and the amount of damages it seeks are based on concrete evidence rather than speculation.

In addition, in order to be entitled to damages for infringement of plaintiff's registered marks, the plaintiff must prove by a preponderance of the evidence that (1) the defendant acted willfully and (2) the defendant had either statutory or actual notice of the plaintiff's registered trademark.

To prove that defendant acted willfully, the plaintiff must prove that the defendant's conduct was intended to cause confusion, or to cause mistake, or to deceive consumers.

To prove that the defendant had either statutory or actual notice of the plaintiff's trademark, the plaintiff must prove by a preponderance of the evidence either that the defendant had actual knowledge of the plaintiff's registered trademark or that:

1.   plaintiff displayed with the trademark the words "Registered in U.S. Patent and Trademark Office" or

2.   plaintiff displayed with the trademark the words "Reg. U.S. Pat. & Tm. Off." or

3.   plaintiff displayed the trademark with the letter R enclosed within a circle, thus ®.

**SOURCE:**  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.24 *Trademark*

- 41 -

*Damages-Burden of Proving Damages (15 U.S.C. § 1111)* (2007) (modified); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d 197, 209 (9th Cir. 1989); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F. 2d 1400, 1407 (9th Cir. 1993).

**GIVEN:**        _____

**MODIFIED:** _____

**REFUSED:**    _____

### 33. TRADEMARK DAMAGES—PLAINTIFF'S ACTUAL DAMAGES
### (15 U.S.C. § 1117(a))

If you find that the plaintiff is entitled to monetary damages for any alleged trademark for which you find infringement, you must determine the amount of plaintiff's damages.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant's infringement. Any damages awarded must be to compensate the defendant for its losses, not to punish the plaintiff for any wrongdoing. You may not award damages unless you find that, in fact, the plaintiff was injured by the defendant's conduct.

If you find that the plaintiff was injured by the defendant's conduct, you may award damages in the amount that will compensate the plaintiff for any injury caused by the infringement you find. In assessing damages, you should take into account the totality of the circumstances, including the following:

    1.    Any injury to the plaintiff's reputation;

    2.    Any injury to the plaintiff's goodwill, including injury to the plaintiff's general business reputation;

    3.    Any lost profits that the plaintiff would have earned but for the defendant's infringement; and

    4.    The expense of preventing customers from being deceived.

To recover lost profits, the plaintiff must prove with reasonable certainty that it would have received such profits but for the defendant's infringement.

**SOURCE:** NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NO. 15.25 *Trademark Damages-Plaintiff's Actual Damages (15 U.S.C. § 1117(a))* (2007) (modified); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F. 2d 1400, 1407 (9th Cir. 1993).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000