# EXHIBIT 14

EXHIBIT 14

## **SPECIAL VERDICT FORM**

We, the jury, have unanimously agreed to the answers to the attached written

questions, and return such answers in open court, and under the instructions of this Court, as

our verdict in this case.


Dated: _____     By:

_____

Foreperson

<u>**SPECIAL VERDICT FORM**</u>

## I. VALIDITY OF PLAINTIFF'S TRADEMARKS

### A. Validity of Plaintiff's Registered Trademarks

The plaintiff contends that its registered trademarks are valid and that it has the exclusive right to use each mark on the particular goods and services specified in the certificate of registration for that mark.

The defendant contends that each of the plaintiff's registered trademarks is invalid because it was abandoned, or because it was obtained or maintained by fraud on the Patent and Trademark Office.

*Question 1:* **Do you find that the defendant has proved by a preponderance of the evidence that the plaintiff has abandoned any of the following marks by discontinuing its use of the mark with intent not to resume using it; by acting or failing to act so that the trademark's primary significance has become the product or service itself, rather than the source of the product or service; or by licensing the mark to another without exercising adequate quality control over the products or services sold under the trademark?** (A "YES" is a finding for the defendant; a "NO" is a finding for the plaintiff.)

| TRADEMARK REGISTRATION | ABANDONED? | |
|---|---|---|
| | YES | NO |
| 1,625,919: "Ultimate Warrior" for posters, ornamental novelty buttons, textile wall hangings, t-shirts and wristbands, and entertainment services, namely, arranging and conducting professional wrestling oriented events and life personal appearances by a professional wrestler | | |
| 1,708,155: "Warrior" for posters | | |
| 1,818,813: "Ultimate Warrior" for videocassettes, video/audio cassettes and cinematographic films featuring professional wrestling, audio cassettes, compact discs, laser discs, and phonograph records featuring musical performances | | |

| | | |
|---|---|---|
| 1,838,771:  "Ultimate Warrior" for toys and sporting goods, namely, plaster molding sets, kites, baseball gloves, flying disks, wrestling gear kits consisting of wrestling belts, wrestling masks, and costumes, jigsaw puzzles, board games, marbles, headshaped water-squirt toys, teddy bears, dolls, electronic computer games, handheld games, namely handheld pinball and electronic videogames and electronic sports games and action figures | | |
| 2,299,387:  "Warrior" for sports entertainment services in the nature of professional wrestling contests | | |
| 2,345,959:  A particular design mark (the "Design") for entertainment services, namely television programming in the nature of live and animated adventures for children | | |

IF YOU ANSWERED "YES" TO ALL OF THE ABOVE, skip to Section I.B. (Validity of Plaintiff's Unregistered Marks) on page 5.

IF ANY OF YOUR ANSWERS ABOVE WERE "NO," continue to Question 2.

*Question 2:* **Do you find that the defendant has proved by clear and convincing evidence that any of the following certificates of registration were obtained or maintained by fraud on the Patent and Trademark Office (that is, a knowingly false statement that was material to the application, renewal, or other filing)?** (A "YES" is a finding for the defendant; a "NO" is a finding for the plaintiff)

| TRADEMARK | FRAUD ON THE TM OFFICE? | |
|---|---|---|
| | YES | NO |
| 1,838,771: "Ultimate Warrior" for toys and sporting goods, namely, plaster molding sets, kites, baseball gloves, flying disks, wrestling gear kits consisting of wrestling belts, wrestling masks, and costumes, jigsaw puzzles, board games, marbles, headshaped water-squirt toys, teddy bears, dolls, electronic computer games, handheld games, namely handheld pinball and electronic videogames and electronic sports games and action figures | | |
| 2,345,959: A particular design mark for entertainment services, namely television programming in the nature of live and animated adventures for children | | |

*CONTINUE to Question 3.*

*Question 3:* **LIST BELOW any of Plaintiff's registered marks that you have found to be valid.  THESE ARE ANY REGISTERED MARKS FOR WHICH YOU ANSWERED "NO" TO QUESTION 1 AND QUESTION 2.**

*THEN CONTINUE to section I.B. (Validity of Plaintiff's Unregistered Trademarks)* on page 5.

- 4 -

**B. Validity of Plaintiff's Unregistered Trademarks**

The plaintiff contends that it has rights in certain trademarks that it has not registered.

The defendant contends that each such trademark is not valid because the plaintiff has not used the trademark in commerce and/or because it is not "distinctive," that is, it does not identify products or services as coming from a particular source. The defendant also contends that each such trademark is not valid because the plaintiff has abandoned it by licensing it to a third party without maintaining quality control over the third party's use of the mark.

*Question 4:* **Do you find that the plaintiff has proved by a preponderance of the evidence that it has used any of the following trademarks in commerce on or in connection with the goods or service identified?** (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant)

| TRADEMARK | USE IN COMMERCE? | |
|---|---|---|
| | YES | NO |
| "Ultimate Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |
| "Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |

*IF YOU ANSWERED "YES" TO ANY OF THE ABOVE, continue to Question 5 FOR THOSE MARKS/GOODS ONLY.*

*IF YOUR ANSWER WAS "NO" FOR ALL OF THE ABOVE, please continue to Question 9 on page 8.*

***Question 5:*** **ONLY FOR THE MARKS/GOODS FOR WHICH YOU ANSWERED "YES" TO QUESTION 4, Do you find that the plaintiff has proved by a preponderance of the evidence that any of the following marks is inherently distinctive, in that it is arbitrary, fanciful, or suggestive as used in connection with the plaintiff's goods or services?** (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant)

| TRADEMARK | INHERENTLY DISTINCTIVE? | |
|---|---|---|
| | YES | NO |
| "Ultimate Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |
| "Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |

*IF YOU ANSWERED "NO" FOR ANY OF THE ABOVE, continue to Question 6 FOR THOSE MARKS/GOODS ONLY.*

*IF ALL OF YOUR ANSWERS TO THE ABOVE QUESTION WERE "YES," please skip to Question 7 on page 7.*

***Question 6:*** **ONLY FOR MARKS/GOODS FOR WHICH YOU ANSWERED "NO" TO QUESTION 5, do you find that the plaintiff has proved by a preponderance of the evidence that the mark has achieved secondary meaning, that is, that the mark was used by the plaintiff in such a way that consumers identify goods and services bearing the mark as coming from a particular source.** (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant)

| TRADEMARK | SECONDARY MEANING? | |
|---|---|---|
| | YES | NO |
| "Ultimate Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |
| "Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |

*CONTINUE to Question 7.*

**Question 7:** **ONLY FOR MARKS/GOODS FOR WHICH YOU ANSWERED "YES" TO QUESTION 5 OR QUESTION 6, do you find that the defendant has proved by a preponderance of the evidence that the plaintiff has abandoned the mark by licensing it to a third party without maintaining quality control over the third party's use of the mark?** (A "YES" is a finding for the defendant; a "NO" is a finding for the plaintiff)

| TRADEMARK | ABANDONED? | |
|---|---|---|
| | YES | NO |
| "Ultimate Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |
| "Warrior" for wrestling entertainment services, video games, dolls, action figures, and posters | | |

*Continue to Question 8.*

**Question 8:** **LIST BELOW any unregistered trademarks that you have found to be valid. THESE ARE ANY MARKS/GOODS FOR WHICH YOU ANSWERED "NO" to QUESTION 7.**

*THEN CONTINUE to Question 9.*

**Question 9**:   **LIST  BELOW any of plaintiff's claimed trademarks that you have found to be valid.  THESE ARE ANY MARKS YOU LISTED IN RESPONSE TO QUESTIONS 3 AND 8.**

*IF THERE ARE NO MARKS TO LIST BELOW, you have reached the end.  Please turn to the last page to sign and date this form.*

*IF YOU LIST ANY MARKS BELOW, please continue to Section II (Use by Defendant) on page 9 WITH RESPECT TO THOSE MARKS ONLY.*

## II.  USE BY DEFENDANT

The plaintiff contends that the defendant infringed its trademarks by using them in commerce in a way that is likely to cause confusion as to the source or sponsorship of the defendant's goods.

The defendant denies that it has used the plaintiff's trademarks and denies that its activities were likely to cause confusion as to the source or sponsorship of its goods.

### A.  Use of Trademarks

In order for there to be trademark infringement, the defendant must have used the plaintiff's trademarks in commerce.

**Question 10:**  **ONLY FOR THOSE MARKS LISTED IN RESPONSE TO QUESTION 9, do you find that the plaintiff has proved by a preponderance of the evidence that the defendant used any of the plaintiff's trademarks in commerce?**  (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant.)

| USE IN COMMERCE? | |
|---|---|
| YES | NO |
|  |  |

*IF YOUR ANSWER WAS NO, you have reached the end.  Please turn to the last page to sign and date this form.*

*IF YOUR ANSWER WAS YES, continue to Question 11.*

**Question 11:**  **LIST BELOW which trademarks from Question 9 you find the defendant to have used in commerce:**

**B.  Classic Fair Use**

Defendant contends that any use of the plaintiff's trademarks was "classic fair use," meaning that it was the use of a descriptive term or symbol in a descriptive manner.

Plaintiff disputes that any use by defendant was "classic fair use."

*Question 12*:   **ONLY FOR THOSE MARKS LISTED IN RESPONSE TO QUESTION 11, do you find that the defendant has proved by a preponderance of the evidence that its use of any of the plaintiff's trademarks was classic fair use?**  (A "YES" is a finding for the defendant; a "NO" is a finding for the plaintiff.)

| CLASSIC FAIR USE? | |
|:---:|:---:|
| YES | NO |
| | |

*IF YOUR ANSWER WAS NO, skip to Question 14.*

*IF YOUR ANSWER WAS YES, continue to Question 13.*

*Question 13:*  **LIST BELOW which trademarks listed in response to Question 11 for which you have found classic fair use:**

*THEN continue to Question 14.*

## C.  Protected Artistic Use

Defendant contends that any use of the plaintiff's trademarks was protected by the First Amendment, meaning that it had artistic relevance to the defendant's games, and did not explicitly mislead consumers as to the source or content of the games.

Plaintiff disputes that any use by defendant was protected by the First Amendment.

***Question 14***:  **ONLY FOR THOSE MARKS LISTED IN RESPONSE TO QUESTION 11, do you find that the defendant has proved by a preponderance of the evidence that its use of any of the plaintiff's trademarks had artistic relevance to defendant's games and did not explicitly mislead consumers?**  (A "YES" is a finding for the defendant; a "NO" is a finding for the plaintiff.)

| PROTECTED BY FIRST AMENDMENT? | |
|:---:|:---:|
| YES | NO |
|  |  |

*IF YOUR ANSWER WAS NO, skip to Question 16.*

*IF YOUR ANSWER WAS YES, continue to Question 15.*

***Question 15:***  **LIST BELOW which trademarks from Question 11 whose use you find to have been protected by the First Amendment:**

*THEN continue to Question 16.*

- 12 -

*Question 16*:   **LIST BELOW any of plaintiff's claimed trademarks that you have found to be used by the defendant whose use you have not found to be classic fair use, nominative fair use, or protected by the First Amendment.  THESE ARE ANY MARKS YOU LISTED IN RESPONSE TO QUESTION 11, BUT DID NOT LIST IN RESPONSE TO QUESTION 13 OR QUESTION 15.**

*IF THERE ARE NO MARKS TO LIST BELOW, you have reached the end.  Please turn to the last page to sign and date this form.*

*IF YOU LIST ANY MARKS BELOW, please continue on to Section III (Likelihood of Confusion) on page 14 WITH RESPECT TO THOSE MARKS ONLY.*

**III.     Likelihood of Confusion**

In order for there to be trademark infringement, there must be a likelihood that ordinary consumers would be confused as to the source or sponsorship of the defendant's goods as a result of the defendant's use of the plaintiff's trademarks.

*Question 17:*   **ONLY FOR THOSE MARKS LISTED IN RESPONSE TO QUESTION 16, do you find that the plaintiff has proved by a preponderance of the evidence that ordinary consumers would be confused as to the source or sponsorship of the defendant's goods as a result of the defendant's use of any of the plaintiff's trademarks?**   (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant.)

| LIKELIHOOD OF CONFUSION? | |
|:---:|:---:|
| YES | NO |
|  |  |

*IF YOUR ANSWER WAS NO, you have reached the end.  Please turn to the last page to sign and date this form.*

*IF YOUR ANSWER WAS YES, continue to Question 18.*

*Question 18:*   **LIST BELOW which trademarks listed in response to Question 16 you find to create a likelihood of confusion:**

*THEN continue on to section IV (Damages) on page 15.*

**IV.     DAMAGES**

The plaintiff seeks monetary damages for the defendant's use of its trademarks.

The defendant disputes that the plaintiff is entitled to monetary damages.

**A.  Entitlement to Damages**

In order to recover damages, the plaintiff must prove that it was actually injured and that its injury resulted from the infringement.  For infringement of registered marks, the plaintiff must prove that the defendant acted willfully and that the defendant had either statutory or actual notice of the plaintiff's registered trademark.

*Question 19:*  **ONLY FOR THOSE MARKS LISTED IN RESPONSE TO QUESTION 18, do you find that the plaintiff has proved by a preponderance of the evidence that it was actually injured, and that any injury resulted from the defendant's use of the plaintiff's marks?** (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant.)

| ACTUAL INJURY RESULTING FROM USE OF MARKS? | |
| :---: | :---: |
| YES | NO |
| | |

*IF YOU ANSWERED "NO," you have reached the end.  Please turn to the last page to sign and date this form.*

*IF YOU ANSWERED "YES," continue to Question 20.*

*Question 20:*  **LIST BELOW any of the defendant's trademarks listed in response to Question 18 whose use by defendant you find has caused actual damage to the plaintiff.**

*THEN continue to Question 21.*

*Question 21:*  **Do you find that the plaintiff has proved by a preponderance of the evidence that the defendant acted willfully in infringing any of the plaintiff's trademarks?** (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant.)

| WILLFULNESS? | |
|:---:|:---:|
| YES | NO |
|  |  |

*Question 22:*  **Do you find that the plaintiff has proved by a preponderance of the evidence that the defendant had actual or statutory notice of the plaintiff's registered marks?** (A "YES" is a finding for the plaintiff; a "NO" is a finding for the defendant.)

| ACTUAL OR STATUTORY NOTICE? | |
|:---:|:---:|
| YES | NO |
|  |  |

*IF YOU ANSWERED "NO" TO EITHER QUESTION 21 OR QUESTION 22, continue to Question 23.*

*IF YOU ANSWERED "YES" TO BOTH QUESTION 21 AND QUESTION 22, skip to Question 24.*

*Question 23:*  **LIST BELOW all of the defendant's non-registered marks for which you found that the defendant may be entitled to damages.  THESE ARE MARKS LISTED IN RESPONSE TO QUESTION 20 BUT NOT IN RESPONSE TO QUESTION 3.**

*IF THERE ARE NO MARKS TO LIST BELOW, you have finished.  Please turn to the last page to sign and date this form.*

**B.  Calculation of Damages**

The plaintiff has the burden of proving actual damages, which is the amount of money that will reasonably and fairly compensate the plaintiff for any injury that was caused by the defendant's infringement.

*IF YOU ANSWERED QUESTION 23, answer the following question taking into account only those marks listed in response to Question 23.*

*IF YOU DID NOT ANSWER QUESTION 23, answer the following question taking into account only those marks listed in response to Question 20.*

***Question 24***:  **What is the amount of the plaintiff's actual damages?**


$_____

*You have reached the end.  Please turn to the last page to sign and date this form.*

**JURY AFFIRMATION**

We, the undersigned jurors, unanimously agree to the answers to each of the questions set forth in this Special Verdict Form.

DATED:_____

_____

_____

_____

_____

_____

_____

_____

_____